## DODSON v. CROCKER.

Where a complaint alleged that defendant agreed to purchase from plaintiff a mechanic's lien, provided it should prove to be a "first claim" on the property, and it was alleged that it was a first claim, but that defendant failed to purchase, and the answer denied that the lien was a first claim, and it appeared that there were taxes upon the property, and the court found that the lien was not a first claim and that the taxes were valid claims against the property, it was a sufficient finding upon the issue as to whether the taxes were claims within the meaning of the parties, though stated as a conclusion of law.

(Opinion filed, January 17, 1906.)

Appeal from Circuit Court, Minnehaha County. Hon. J. W. JONES, Judge.

Action by Emery F. Dodson, as surviving partner of F. A. Fisher & Co., against Charles T. Crocker. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

C. H. Winsor and Aikens & Judge, for appellant. Boyce & Warren and Bailey & Voorhees, for respondent.

HANEY, J. Adhering to the views heretofore expressed, the issues in this action will be restated only so far as necessary to determine a question of practice not alluded to in our former decision. Dodson v. Crocker, 16 S. D. 481, 94 N. W. 391. The complaint set forth a written contract between the plaintiff and one E. J. Torrey, wherein the latter agreed to purchase a certain mechanic's lien claim, provided he should find upon investigation that such lien was "a first claim" upon the property against which it was filed. It alleges that the lien was "a first claim against the property," that Torry was defendant's agent, that the lien was not purchased, and that it was subsequently sold for several thousand dollars less than Torry agreed to pay for it. The learned circuit court found that the plaintiff and Torry made the contract as set out in the complaint, that Torry acted as defendant's agent, that the contract was not complied with by either Torry or the defendant, and that the lien was subsequently sold for several thousand dollars less than Torry

agreed to pay for it. It also found as a fact that certain taxes "were valid claims" upon the property against which the mechanic's lien was filed when the contract was made, and concluded as matter of law that at the time such contract was made the lien referred to therein "was not a first claim upon the property," and for that reason the qualified acceptance of the plaintiff's proposition to sell never became operative, and the contract never became binding upon Torry or the defendant. The existence of the taxes is not disputed. That the lien of the taxes was superior to the mechanic's lien must be conceded. Hence, the vital question was whether the taxes were "claims" within the meaning of the contract.

Evidently assuming that the unexplained language of the contract required them to be so regarded, parol evidence was introduced to show that Torry had knowledge of their existence when the contract was made, and that it was not intended by the parties that they should be regarded as claims which excused performance. The evidence touching this point was conflicting, and if, as assumed in our former decision, the learned circuit court found in favor of the defendant, its findings must be sustained. But it is now insisted that the circuit court failed to find what the fact was with respect to this issue, and that its decision can be sustained only on the theory that parol testimony was inadmissible to explain the written agreement. This contention is untenable. The allegation of the complaint, denied by the answer, is "that such lien was a first claim upon the property against which it was filed." The circuit court states as a conclusion, from the facts found in its decision, "that the lien * * * was not a first claim upon the property against which it was filed." This was the issue tendered by the pleadings, the ultimate fact to be ascertained; and it is none the less a finding of fact because stated as a conclusion of law. Jones v. Clark, 42 Cal. 180; Breuner v. Insurance Co., 51 Cal. 101. Taking the decision as a whole, it is clear the trial court found that the lien was not "a first claim" against the property within the meaning of the contract, as understood by the parties, and, as the evidence upon which such finding was based is conflicting, it must be sustained by this court. Moreover, as the existence of unpaid taxes was immaterial, unless they were claims within the meaning of the

contract, and as it should be presumed that the trial court would not. burden its decision with immaterial matter, the finding that the taxes "were valid claims against the property" should be regarded as a finding that they were valid claims within the meaning of the. contract.

So this court was clearly correct in its former conclusions, and. the judgment appealed from must be affirmed.