SLIMMER et al., Respondents, v. MEADE COUNTY BANK OF STURGIS et al., Appellants.

(160 N. W. 325.)

(File No. 3998. Opinion filed February 16, 1917. Rehearing denied May 5, 1917.)

1.  **Chattel Mortgages—Record of, as Constructive Notice—Mortgagor's Letter as Actual Notice.**

    A prospective bank mortgagee had constructive notice of a prior chattel mortgage at time of making a loan to the owner of cattle, by virtue of due filing of the mortgage. **Held,** further, that a letter from prior mortgagees to the bank, stating that they are willing to carry mortgagors' indebtedness another year "on what he owes us," providing said bank would take up mortgagors' indebtedness under another outstanding mortgage, constituted actual notice.

2.  **Trusts—Bank Mortgagee, Converting Property, as Constructive Trustee—Statute.**

    A subsequent bank chattel mortgagee which unlawfully converted mortgaged cattle to its use, is, under Civ. Code, Sec. 1616, providing that one who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained for the benefit of the person who would otherwise have had it—an involuntary or constructive trustee of proceeds of the cattle, rendering the claim of plaintiffs to such proceeds under a superior mortgage, a preferred claim under the state bank insolvency law.

3.  **Chattel Mortgages—Prior Mortgagees' Willingness to Extend Time, as Estoppel to Assert Mortgage Lien, Evidence of.**

Where prior mortgagees of live stock, at owner's request, wrote to a bank stating their willingness to extend their mortgage for another year, provided the bank would take up another outstanding indebtedness, held, that such letter did not estop said mortgagors from asserting their prior lien upon the livestock; since said letter was not a request to take up such outstanding indebtedness, nor did it contain anything tending to estop plaintiff's from claiming under their mortgage.

4. **Trials—Findings, as Conclusions of Law—"Wrongful Conversion" of Mortgaged Cattle, as Conclusion of Fact—Proper Finding Defined.**

In a suit by prior chattel mortgagees against a bank, which under a subsequent mortgage sold the mortgaged stock and converted the proceeds, held, that a finding that the seizure by the second mortgagee was "wrongful and unlawful," and that second mortgagee "converted" the mortgaged property, was an ultimate conclusion of fact as well as a conclusion of law, and was properly stated as a finding of fact, although in nature an ultimate conclusion. **Held**, further, that findings of fact ordinarily should not state probative, evidentiary matters, but should state ultimate fact based thereon.

Appeal from Circuit Court, Meade County. Hon. CARL G. SHERWOOD, Judge.

Action by Abraham Slimmer and Lane J. Thomas, co-partners as Slimmer & Thomas, against the Meade County Bank of Sturgis, a corporation, and J. A. Wingfield, Public Examiner of the State of South Dakota in charge of the bank, to recover the value of mortgaged cattle alleged to have been wrongfully converted by defendant bank. From an order denying a new trial, defendants appeal. Affirmed.

See, also, 34 S. D. 147, 147 N. W. 734.

Charles D. Howe, and W. G. Rice, for Appellants.

Harry P. Atwater, and Percy Helm, for Respondents.

(2) To point two of the opinion, Respondents cited: Civ. Code, Secs. 1615, 1616; Farmers & T. Bank v. Milling Co., (S. D.) 47 N. W. 402.

(3) To point three of the opinion, Appellant cited: Moore v. Calvert, 58 Pac. 627; Deering v. Wheeler, 41 N. W. 200; Tolman v. Smith, 24 Pac. 743.

(4) To point four of the opinion, Respondents cited: 8 Enc. P. & P. 941; 7 Enc. P. & P. 940; 38 Cyc. 1980; Burton v. Burton, (Cal.) 21 Pac. 847; Miller v. Smith, (Idaho) 61 Pac. 824

(827); Gillman v. Boynton, 36 Mich. 236; Dodson v. Croker. (S. D.) 105 N. W. 929.

McCOY, J.   This action was instituted by plaintiffs, as mortgagees, to recover the value of certain mortgaged cattle alleged to have been wrongfully sold and the proceeds thereof converted to their own use by defendants.   The action was tried before the court without a jury, by consent of parties, and findings and judgment were in favor of plaintiffs, and defendants appeal. The vital question to be determined is which of the parties, plaintiffs or defendants, are entitled to the money proceeds arising from the sale by defendant Meade County Bank of certain cattle covered by two certain mortgages, one owned by plaintiffs and the other owned by said defendant bank.   From the evidence and findings of fact it appears that on the 8th day of October, 1908, one English, as mortgagor, mortgaged to the St. Paul Cattle Loan Company 569 head of cattle and 50 head of horses, situated in Butte county, wherein said mortgagor resided, to secure the payment of $10,200, due on the 25th day of November, 1910, and which mortgage was duly filed on the 12th day of October, 1908.   On the 21st day of October, 1909, the said English mortgaged to plaintiffs 569 and 274 head of cattle and 50 head of horses, situated in Butte county, to secure the payment of $6,232.90, due October 21, 1910, and which mortgage was duly filed on the 23d day of October, 1909.   On the 25th day of November, 1910, the said English mortgaged to the defendant Meade County Bank 227 head of cattle, covered by the two preceding chattel mortgages, to secure the sum of $5,200, that day loaned to said English by said defendant bank, which chattel mortgage was duly filed on the 29th day of November, 1910.   At the time this third mortgage was made there was still due and unpaid on the said first mortgage indebtedness to the said St. Paul Cattle Loan Company the sum of $3,528.37, which amount was paid from the loan made to English by the defendant bank, and thereupon, on the 29th day of November, 1910, the said St. Paul Cattle Loan Company duly filed a satisfaction of said first mortgage, and upon the filing of said satisfaction the original first mortgage was delivered to said English, said mortgagor.   On the 10th day of June, 1911, the said English executed and delivered to said Meade County Bank an instrument in

writing, authorizing and empowering said defendant bank to take possession of and at private sale sell and dispose of all the personal property covered by its said mortgage, and that thereafter during the month of August, 1911, the said defendant bank took into its possession the said cattle covered by its said mortgage, and sold and converted the same to its own use, and that the value of said cattle so sold and converted was then and there the sum of $2,028. In the month of December, 1911, and while said $2,028.00, proceeds of said mortgaged cattle was still unaccounted for to plaintiffs by said defendant bank, the said defendant bank became insolvent and was taken possession of, under and by virtue of the laws of the state of South Dakota, by the defendant Wingfield, as public bank examiner, for the purpose of closing up and liquidating the affairs of said bank. At the time of the trial of this action there was still due and unpaid on the indebtedness secured by plaintiffs' mortgage the sum of $2,898. On the 25th day of November, 1910, at the time said English procured said loan from defendant bank, he had in his possession and presented to said bank the following letter signed by plaintiffs:

"South St. Paul, Minn., Oct. 22, 1910.

"Meade County Bank, Sturgis, S. D.—Gentlemen:    Mr. Richard English of Bison, S. D., just called on us and says that he owes the St. Paul Cattle Loan Company about $3,500.00 and wishes us to take up same. As we are not in a position to do this at this time and as we are willing to carry Mr. English's indebtedness over another year on what he owes us he asks us to give him this letter to you saying that we would carry him over another year on ours provided you would take up his indebtedness to the St. Paul Cattle Loan Company. Of course we would be perfectly willing to accept the money on our loan to Mr. English in the event that you cared for the entire loan. Yours truly, Slimmer & Thomas, by L. J. Thomas."

[1] The defendant interposed the defense that the letter constituted a waiver by plaintiffs of their said mortgage upon said cattle, and that by reason of such letter and waiver the plaintiffs were estopped from claiming said chattels under their said mortgage as against these defendants. The trial court found that upon the payment and discharge of said first mortgage, given to

the St. Paul Cattle Loan Company, the said mortgage of plaintiffs became a valid first mortgage lien upon said cattle, and that the said defendant bank had no right or property thereto, except that given by its second and subsequent mortgage thereon; that at the time said defendant bank loaned said $5,200 to said English, and at the time it took said cattle into its possession, and converted the same to its own use, it did so with notice of the rights of plaintiffs; that the acts of said defendant bank, in seizing said cattle and converting the same to its own use, was wrongful and unlawful, and that the said $2,028, the value of said cattle, was held by said defendant bank in trust for plaintiffs, and that the said claim for said trust fund is a preferred claim against the assets of said defendant bank and the general creditors thereof. The appellants urge that the learned trial court erred in finding that the defendant bank had notice of respondents' mortgage at the time of making the said loan to English. We are of the view that this contention is not well grounded. The said defendant bank had constructive notice by virtue of the due filing of plaintiffs' mortgage; and it had actual notice by virtue of said letter.

[2] Appellants also urge that the court erred in finding that the said $2,028, the value of said cattle, was held by said defendant bank in trust for plaintiffs, and constituted a preferred claim against the assets of said bank. We are of the opinion that this contention is not tenable. We are of the view that the learned trial court correctly found that the said defendant bank unlawfully and wrongfully seized and took possession of said cattle covered by plaintiffs' mortgage, and wrongfully and unlawfully converted the same to its own use. Section 1616, Civil Code, provides:

"One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it."

Under this section of the statute the seizure and disposition of said cattle, under the circumstances of this case, clearly constituted the said defendant bank an involuntary or constructive trustee of the proceeds of the cattle covered by plaintiffs' mort-

gage, rendering the said claim of plaintiffs to said proceeds a preferred claim under the statute.

Appellants also contend that the defendant Meade County Bank, under the evidence in this case, became and was subrogated to the rights of the St. Paul Cattle Loan Company under its first mortgage to the extent of $3,528.37, that being the amount of the said loan by said bank to said English that was used in satisfying the balance due on the said first mortgage. Whether or not said appellant was entitled to and became subrogated to the rights of the first mortgagee was dependent upon the facts disclosed by the evidence on the trial of this case. There was evidence for and against upon this issue. The trial court by its findings found against the appellant Meade County Bank upon this issue. It will serve no useful purpose to detail the evidence further than to state that we are of the view that the evidence sustains the finding made by the trial court, and that under the findings so made by the trial court subrogation could not exist in favor of said appellant.

[3] It is also contended by appellants that the plaintiffs, by the said letter of October 22, 1910, to said defendant bank, requested said bank to take up the said indebtedness of the St. Paul Cattle Loan Company, and that therefore the plaintiffs should be estopped from claiming their mortgage as a lien upon said cattle. This letter in no manner contains a request to said bank to take up said indebtedness, or contains anything that would have the least tendency to estop plaintiffs from claiming under their mortgage as against these defendants. This letter most certainly did acquaint the said defendant bank with the knowledge and notice of plaintiffs' mortgage, and that plaintiffs were willing to desist from foreclosing their mortgage for another year, providing the said defendant bank made said loan to said English. The circumstances, as shown by the record, indicate the full and complete satisfaction and payment of the St. Paul Cattle Loan Company mortgage instead of any kind or assignment thereof.

[4] Appellants also urge as errors that the formal findings of fact contain and are conclusions of law, in relation to the finding of the trial court that the seizure of said cattle by said defendant bank was "wrongful and unlawful," and that said

defendant bank "converted" said cattle to its own use.   While it is true that said finding is in the nature of an ultimate conclusion, we are of the view that it is an ultimate conclusion of fact as well as a conclusion of law, and that it was properly stated as a finding of fact.   The same matter in substance was also stated as a conclusion of law by the learned trial court. Findings of fact ordinarily should not state probative evidentiary matters, but should state the ultimate fact, based upon the probative evidentiary matters.

Various other assignments of error are urged, all of which have been carefully considered, and we are of the view that no error has been shown to exist by reason thereof.   It will serve no useful purpose to further refer thereto.

Finding no error in the record, the judgment appealed from is affirmed.