STATE ex rel PARSONS, Respondent, v. KAUFMAN,
Appellant.

(211 N. W. 691.)

(File No. 5556.   Opinion filed January 12, 1927.)

1.  **Intoxicating Liquors—Injunction—Finding that Defendant Violated Conditions of Injunction "by Reason of" Sale of Liquor Held in Connection with Other Findings to Show Contempt; "Violate"; "Permit"; "by Means, Acts or Instrumentality of."**

Finding that defendant violated terms and conditions of injunctional order by reason of sale and delivery of liquor and permitting premises to be used as liquor resort, held, in con-

nection with other findings, to show defendant guilty of contempt as matter of law; "violate" being to break or disregard, "permit" meaning to consent to, and "by reason of" being equivalent to "by means, acts, or instrumentality of."

2. **Intoxicating Liquors—Finding of Fact Stated as Conclusion of Law Is Nevertheless Finding of Fact.**

Stating finding of fact as conclusion of law makes it none the less finding of fact because so stated.

3. **Intoxicating Liquors—Contempt—In Contempt Proceeding for Violating Liquor Injunction, Affidavits Attached to Information May Be Used in Evidence (Rev. Code 1919, § 10296).**

Affidavits attached to information filed by state's attorney in contempt proceeding for violating liquor injunction may be used in evidence, especially in view of Rev. Code 1919, § 10296, making them prima facie case for state.

4. **Intoxicating Liquors—That Jury Acquitted Defendant for Maintaining Nuisance and Disagreed as to His Selling Liquor Will Not Acquit Him for Violating Liquor Injunction.**

That defendant was acquitted on charge of maintaining nuisance and jury disagreed on charge of selling liquor will not acquit him in contempt proceeding of charge of violating liquor injunction.

5. **Intoxicating Liquors—Evidence held to Support Findings Showing Defendant to Be in Contempt for Violating Liquor Injunction.**

Evidence held sufficient to support findings showing defendant guilty of contempt for violating liquor injunction, where witnesses bought liquor from defendant and found liquor containers on his premises.

6. **Intoxicating Liquors—Nonexpert May Testify Whether Liquor Is Intoxicating.**

One need not be expert to testify as to whether liquor is intoxicating.

7. **Intoxicating Liquors—Court Judicially Knows that All Liquid Mixtures or Compounds Containing Alcohol Are Intoxicating (Rev. Code 1919, § 10237).**

Court will take judicial notice that distilled, spirituous, malt, brewed, and fermented liquors, and every other liquid mixture or compound containing alcohol, is intoxicating, in view of Rev. Code 1919, § 19237.

8. **Intoxicating Liquors—Jury—Defendant in Liquor Contempt Proceeding Is Not Entitled as Matter of Right to Jury Trial or to Meet Witnesses Face to Face (Const., Art. 6, §§ 6. 7).**

> In contempt proceeding for violating liquor injunction, defendant is not entitled as matter of right to jury trial nor to meet witnesses against him face to face; Const., art. 6, §§ 6. 7. being inapplicable.

Note.—See, Headnote (1), American Key-Numbered Digest, Interpretation of words, Key-No. 279, 9 C. J. pages 1109, 1110; (2) Intoxicating liquors, Key-No. 279, Trial, 38 Cyc. 1980; (3), (4) and (5), Intoxicating liquors, Key-No. 279, 33 C. J. Sec. 416; (6) Intoxicating liquors, Key-No. 279, 33 C. J. Sec. 528; (7) Intoxicating liquors, Key-No. 279, 33 C. J. Sec. 527; (8) Intoxicating liquors, Key-No. 279, Jury, Key-No. 13(21), 35 C. J. Sec. 99.

As to necessity of findings of fact before adjudging one guilty of contempt, see annotation in 30 L. R. A. (N. S.) 564; 6 R. C. L. 536; 2 R. C. L. Supp. 150; 6 R. C. L. Supp. 396.

On separation of findings of fact and conclusions of law, see 26 R. C. L. 1090.

As to judicial notice or inference as to spirituous, vinous, distilled, malt, fermented, or intoxicating quality of liquor from its name, see annotation in 48 L. R. A. (N. S.) 302.

On test of intoxicating character of liquor, see annotation in 4 A. L. R. 1137; 11 A. L. R. 1234; 19 A. L. R. 512; 36 A. L. R. 725; 15 R. C. L. 376; 4 R. C. L. Supp. 992; 6 R. C. L. Supp. 911.

Appeal from Circuit Court, Perkins County; Hon. W. F. Eddy, Judge.

Action by the State, on the relation of C. M. Parsons, State's Attorney in and for Perkins County, against George Kaufman. From a judgment declaring the defendant guilty of contempt, he appeals.    Affirmed.

*C. G. Carrell,* of Lemmon, and *McNulty & Campbell,* of Aberdeen, for Appellant.

*Buell F. Jones,* Attorney General, and *R. F. Drewry,* Assistant Attorney General, for Respondent.

SHERWOOD, J.   Defendant has appealed from a judgment declaring him guilty of contempt of court.   He assigns the following errors:

(1)   The court erred in entering judgment against defendant.

(2)   The findings of fact do not support the judgment in that there is no finding as a fact that the defendant intentionally violated the terms and conditions of said injunctional order; and there is no finding as a fact that the defendant did sell and deliver

on said premises intoxicating liquors; and it is not found as a fact that the defendant did knowingly permit intoxicating liquors to be kept, sold, and delivered on said premises; and it is not found as a fact that the defendant did knowingly permit said premises to be used as a resort for the drinking of intoxicating liquors; and it is not found as a fact that the defendant did any of the acts charged in the information; and no facts are found from which the court could adjudge that the defendant was guilty of a contempt of court.

(3)   The fourth finding of fact is not supported by the evidence, in that there is no evidence that the terms and conditions of said injunctional order were violated by the defendant, or that the defendant permitted intoxicating liquors to be kept, sold, and delivered on said premises, or that he permitted said premises to be used as a resort for the drinking of intoxicating liquors.

(4)   The court erred in trying the defendant upon the information and affidavits and depriving the defendant of the right of trial by jury guaranteed by the Constitution of the state of South Dakota.

The first two assignments of error challenge the sufficiency of all the findings of fact to support the judgment. The second assignment purports to point out the particulars in which the findings fail to support the judgment. These two assignments are argued together, and will be considered together here.

[1]   Appellant states the substance of this contention as follows:

"The fourth finding of fact is the only finding as to any acts of the defendant which would justify his conviction of contempt of court. This finding of fact does not state that the defendant, Kaufman, did anything."

The fourth finding of fact referred to reads as follows:

"That the defendant, George Kaufman, while such injunctional order was in force and effect, violated the terms and conditions thereof by reason of sale and delivery on said premises of intoxicating liquors, and permitting intoxicating liquors to be kept, sold, and delivered on said premises, and permitting said premises to be used as a resort for the drinking of intoxicating liquors."

While this finding is not to be commended as a model, we think, taken in connection with the other findings, it does find

certain specific facts which show, as a matter of law, that defendant was guilty of contempt.

To fully understand finding No. 4, it will be necessary to consider finding No. 2, which specifically finds that:

"It is ordered ,adjudged and decreed that said George Kaufman be, and he is hereby, enjoined and restrained from selling intoxicating liquors on the above described premises or elsewhere contrary to law; from permitting such liquor to be kept, sold or deilvered on said premises; from permitting said premises to be used as a resort for the drinking of intoxicating liquors, either by himself, his agents, employees, assistants, assigns or others, until the further order of this court."

Webster gives as one meaning of the word "violate," "to break or disregard," and as meanings of the word "permit," "(1) to consent to, to allow to be done, to tolerate, (2) to grant express license or liberty to do an act, to authorize, to give leave." We think the phrase "by reason of," as used in finding No. 4 is equivalent to "by the means, act, or instrumentality of." 9 C. J. 1109, 1110; Webster's New International Dictionary.

Reading paragraph 4 with this injunctional order in view and in the light of these definitions, we think it finds that George Kaufman violated or broke the injunctional order (1) by sale and delivery of intoxicating liquors on the premises; (2) by permitting intoxicating liquors to be kept, sold, and delivered on the premises; and (3) by permitting the premises to be used as a resort for drinking intoxicating liquors. In other words, it finds he did or permitted to be done each of the things he was ordered not to do.

We think these findings of fact were sufficient to show defendant was guilty of contempt of court as a matter of law. Ex parte Henshaw, 73 Cal. 486, 15 P. 110. Hoffman v. Hoffman, 26 S. D. 34, 127 N. W. 478, 30 L. R. A. (N. S.) 564, Ann. Cas. 1913A, 956. But, if they were not sufficient, we think the following findings of fact, which are stated as conclusions of law, together with what appears in the judgment itself, make the findings amply sufficient.

In conclusion No. 1, the court finds "that the said temporary injunctional order has been violated by the said George Kaufman while the same was still in force and effect"; and, in conclusion

No. 4, finds "that the material allegations of the information and, petition to cite for contempt of court are true"; and, in the judgment, finds "that said temporary injunctional order heretofore issued by said court July 28, 1923, is still in full force and effect; that the said defendant has violated the terms and provisions of the same; and that he is in contempt of this court."

It will be observed that the petition for the arrest in the contempt procedings sets forth specifically the facts which constitute each of these violations of the injunctional order, and the court, in its fourth conclusion of law, finds that the material allegations of the petition are true.

In Ex parte Henshaw, supra, it is said, that:

"The finding of the superior court that the averments in the affidavit of charge of Daniels, on which the order to show cause was based, were true; that the commission of the acts affirmed in such affidavit constituted a contempt; and that, by reason of the commission by petitioner of the acts alleged in the affidavit, he was guilty of contempt,—was a determination that he was guilty of the contempt charged."

[2] Stating a finding of fact as a conclusion of law makes it none the less a finding of fact because stated as a conclusion of law. Jones v. Clark, 42 Cal. 180; Breuner v. Insurance Co., 51 Cal. 101, 21 Am. Rep. 703; Dodson v. Crocker, 20 S. D. 312, 105 N. W. 929.

[3] Assignment No. 3 challenges the sufficiency of the evidence to sustain finding of fact No. 4. Appellant's argument seems to be that the affidavits of David McMahon and, the deputy sheriff are not evidence because attached to the information filed by the state's attorney. We know of no reason why that would prevent the affidavits being used in evidence, and counsel has pointed out none. In fact, the pleadings themselves, either by admissions or failure to deny allegations, may often become most important evidence. In cases of this character, such affidavits make a prima facie case for the state. Section 10296, R. C. 1919.

In the instant case, it was stipulated "that said matter be heard by said court on affidavits"; and the record shows the state offered in evidence in support of its contention that a contempt of court had been committed by said defendant * * * "the original files in the action, * * * the information and petition to

cite for contempt, order and warrant, and the affidavits of David McMahon, O. C. Short, Clement Steel, Herman Peterson, and John and C. M. Peterson. * * * Defendant filed counter affidavits of George Kaufman, A. P. Keller, and Wm. Dunn." No objection appears to have been made to any of this testimony; and the record recites, "from the testimony submitted, together with the papers, pleadings and proofs," the findings are made. We think this evidence was properly received.

[4, 5] That the jury acquitted the defendant on the charge of maintaining a nuisance and disagreed on the charge brought against him for selling liquor would not acquit him of the charge of violating the injunctional order. Defendant specifically admits in his answer that he is the owner, in possession, and using lots 10, 11 and 12 in block 2 in the city of Lemmon, Perkins county, and the buildings thereon, as a livery barn and feed stable, commonly known as "Buffalo Barn and Feed Stable."

McMahon testifies, on September 19, 1923, at the Buffalo Barn in Lemmon, Perkins county, S. D., he bought from George Kaufman one pint of "home brew" or moonshine whisky and paid him $1.25 therefor. That he is familiar with liquors generally and knew the effect of liquor, drank some of it, and knew it was intoxicating liquor. John and Herman Peterson both testify to several purchases of intoxicating liquor from defendant personally during the years 1922 and 1923, and say each purchase was made at the "Buffalo Barn."

The deputy sheriff testified to finding two gallon jugs containing a quantity of intoxicating liquor in the haymow behind a bunch of boards nailed together, also other empty jugs, a keg and empty bottles, which had recently contained intoxicating liquor; also to finding many persons in and around the barn at the time of such search, with no apparent cause, unless it was to use said premises as a resort for buying and drinking intoxicating liquor. This affidavit, search, and occurrences all related to and occurred on September 20, 1923, and the people and articles were all at and in said Buffalo feed barn or sheds attached.

[6, 7] One need not be an expert to testify as to whether liquor is or is not intoxicating. 33 C. J. p. 775, § 528. And, under our section 10237, R. C. 1919, "All distilled, spirituous, vinous, malt, brewed and fermented liquors, and every other liquid, liquid

mixture or compound, containing alcohol" is an intoxicating liquor, and we thing the court may take judicial notice of its intoxicating quality. 33 C. J. 527, and cases cited; Sloan v. State, 193 Ind. 625, 141 N. E. 321; Sheridan v. State, 159 Ark. 604, 252 S. W. 579; State v. Critzer, 122 Wash. 88, 209 P. 1081; People v. McCourtney, 220 Mich. 550, 190 N. W. 623; State v. Edwards, 106 Or. 58, 210 P. 1079; Middleton v. Commonwealth, 197 Ky. 422, 247 S. W. 40; Robinson v. United States (C. C. A.), 290 F. 755.

We think there was abundant evidence to sustain each one of the findings of fact.

[8]    Assignment of error No. 4 seeks to raise a constitutional question, and asserts a defendant's right, in contempt proceedings, to a jury trial, and to meet the witnesses against him face to face, as provided, by sections 6 and 7, art. 6, of our Constitution. No new argument is advanced by appellant, and no authorities are cited in support of this contention.

All the questions here presented were fully answered and settled by this court adversely to appellant's contention in State v. Mitchell, 3 S. D. 223, 52 N. W. 1052. We still adhere to that opinion.

Finding no error in the record, the judgment of the lower court is affirmed.

CAMPBELL, P. J., disqualified and not sitting.