STATE ex rel. VAN LOH, Appellants v. PROSSER, Respondent

(98 N.W.2d 329)

(File No. 9780. Opinion filed September 23, 1959)

**T. R. Johnson, Frank Vust,** Sioux Falls, for Plaintiffs and Appellants.

**Claude A. Hamilton, Thomas J. Barron,** Sioux Falls, for Defendant and Respondent.

ROBERTS, J. This is an appeal from a decree in a habeas corpus proceedings instituted in the Circuit Court of Minnehaha County by appellants Ben and Christine Van Loh to obtain custody of their grandson living with respondent Ellen M. Prosser, the paternal grandmother. The court decided that the child remain in the custody of the respondent and vacated the writ.

Verlyn Luvern Thorpe and his wife Darlene were residents of Inglewood, California. They were the parents of Steven Luvern who was born July 4, 1952. The parents when enroute from California to South Dakota to visit relatives were fatally injured on May 30, 1958, in a motor vehicle accident in Niobrara County, Wyoming. The child was seriously injured and received medical and hospital care for six weeks in a hospital in Lusk, Wyoming.

Respondent left for Lusk on the day of the accident and had the bodies brought to South Dakota for burial. After the funeral she returned and remained for four weeks with the grandson while hospitalized. Respondent was appointed by the District Court of Niobrara County, Wyoming, guardian of the person and estate of her grandson and removal of the child after his release from the hospital to the home of the respondent in Sioux Falls was specifically authorized. A resident of Wyoming upon application of the respondent was appointed by the same court administrator of the estates of the deseased parents. The administrator is asserting claims against the estate of the driver of the other vehicle involved in the collision for wrongful death of the parents and for injuries to the minor child. The grandparents had discussed the matter of a guardianship and the Van Lohs indicated their consent to the appointment of respondent, but later changed their minds or thought that the guardianship was only temporary. On July 15, 1958, repondent returned to Sioux Falls bringing Steven with her. About

ten days thereafter, respondent taking the grandson with her left for Lusk, Wyoming, to attend to guardianship matters and then went to Inglewood, California, to wind up the affairs of the deceased parents.

Testimony for the appellants concerning the wishes of the deceased parents was given by Audrey Kalsbeek. Mrs. Thorpe and Mrs. Kalsbeek were employed in the purchasing department of an aircraft company in Los Angeles. There was conversation between them as to the purchase of a bicycle for Steven and the danger of riding on city streets. Mrs. Kalsbeek testified: "She decided not to and she said if I could only live back home close to my mother so Stevie and Doreen could live together, she said, he could have a bicycle and ride all over the acres because, she said they've got a big farm." Doreen is the seven year old daughter of the appellants. The witness further testified: "Both Verlyn and Darleen said they wanted him raised on the farm close to Doreen, so they could be raised as brother and sister."

The court found that respondent is a fit and proper person to have custody of the child, that she stands in the position of a trustee of a fund to be applied to his support and that the interests and welfare of the child will be promoted by leaving his custody with the respondent who by her prompt action helped the child through his physical and mental suffering and acted for his best interest in protecting and conserving his property rights.

Appellants contend that they are entitled to the custody of their grandson by reason of the fact that his parents had indicated a preference. The provisions of SDC 14.0506 upon which appellants rely read as follows: "Of two persons equally entitled to the custody in other respects, preference is to be given as follows: (1) To a parent; (2) To one who was indicated by the wishes of a deceased parent; (3) To one who already stands in the position of a trustee of a fund to be applied to the child's support; (4) To a relative."

██ ██ The legislature has prescribed certain guides under which the courts should act in determining the custody of minor children. Among them are those prescribed

by SDC 14.0505 providing that the court is to be guided "By what appears to be the best interests of the child in respect to its temporal and its mental and moral welfare." See Tomkins v. Lutheran Welfare Society of South Dakota, 74 S. D. 286, 52 N.W.2d 99; Application of Habeck, 75 S. D. 535, 69 N.W.2d 353. The wishes of a parent should be considered, but it does not follow that they outweigh what the court considers the best interests of the minor. In re Aviles' Guardianship, 133 Cal.App.2d 277, 284 P.2d 176. The provisions of SDC 14.0506(2), however, are not here applicable. We agree with the following views expressed in the trial court's memorandum opinion: "At the time of these conversations as recalled by the witness, Mrs. Kalsbeek, Mrs. Thorpe could have had no thought that she and her husband would be killed. It seems apparent that the witness interpreted the conversations in light of after events. Mrs. Thorpe's statement as remembered by the witness cannot be interpreted as a plan to give custody of their son to the grandparents on the farm. There was no reference to or contemplation of the death of both parents. The statements as remembered and related by the witness when considered under the circumstances made do not indicate any preference as to custody of the child."

The court states as a conclusion of law from the facts found that the statements made by the deceased parents when considered under the circumstances were not made in contemplation of death and did not indicate a preference as to the custody of the child within the meaning of the statute. Appellants contend that since there is no finding of fact upon the issue of preference the conclusion of law is unsupported. SDC 33.1403 requires that the facts found and the conclusions of law shall be separately stated. However, the designation of a finding of fact as a conclusion of law is not determinative of its true nature. Slimmer v. Meade County Bank, 38 S. D. 311, 161 N.W. 325. This court has held that a fact found by the court although expressed as a conclusion of law will be treated on appeal as a finding of fact. Dodson v. Crocker, 20 S. D. 312, 105 N.W. 929; State ex rel. Parsons v. Kaufman, 50 S. D. 645, 211 N.W. 691; Cohrt v. Sun Insurance Office, 74 S. D. 153, 49 N.W.2d 589.

While the statement referred to is designed as a conclusion of law, it contains an ultimate finding of fact as well as a conclusion of law.

Appellants also contend that the decree in the guardianship proceedings in the State of Wyoming, where the child was not domiciled. awarding custody to respondent was a nullity and that the trial court erred in sustaining the claim of the respondent to custody as a matter of comity.

"Domicil is the place with which a person has a settled connection for certain legal purposes, either because his home is there, or because that place is assigned to him by the law." Restatement, Conflict of Laws, Ch. 2 § 9. Beale on Conflict of Laws, § 39.1, states: "When both parents of a minor child are dead and no legal guardian of the person has been appointed, the grandparent who takes the child to his home and actually stands in loco parentis to the child becomes the natural guardian; the domicil of the grandparent thereupon becomes the domicil of the child."

After the death of the parents the domicile of Steven remained in California at the home of the family until legally changed. See Annotation in 32 A. L.R.2d 863. The jurisdiction of the state extends to all persons within its territorial limits irrespective of domicile and the state as we indicated in Application of Habeck, supra, manifestly possesses in the exercise of its sovereignty a protective power over helpless or homeless children within its boundaries. As the court said Finlay v. Finlay, 240 N.Y. 429, 148 N.E. 624, 625, 40 A.L.R. 937, "The jurisdiction of a state to regulate the custody of infants found within its territory does not depend upon the domicile of the parents. It has its origin in the protection that is due to the incompetent or helpless. Woodworth v. Spring, 4 Allen (Mass.) 321, 323; White v. White, 77 N.H. 26, 86 A. 353; Hanrahan v. Sears, 72 N.H. 71, 72, 54 A. 702; Matter of Hubbard, 82 N.Y. 90, 93. For this, the residence of the child suffices though the domicile be elsewhere." This holding is in accord with the rule in Restatement, Conflict of Laws, § 150, which is as follows:

> "A temporary guardian can be appointed in any state in which a defective person or a child is found.
>
> "Comment:
>
> "a. Distinction between temporary guardianship and status. The appointment of a temporary guardian under the rule stated in this Section does not create a status, first, because the court has no jurisdiction over the status of the ward (see § 149), and secondly, because the relation is in its nature local and temporary. In so far as it affects the child, a temporary guardian is similar to a custodian appointed under § 148.
>
> "b. A temporary guardian may be given within the state that appointed him all the rights and duties of a guardian appointed in the state of the child's domicil * * *."

This is not a proceeding where one of the parties contending for custody, such as respondent, is a general guardian by virtue of a court proceeding in another state where the child had its legal domicile. When respondent, the natural guardian, removed the child to her home in Sioux Falls with the intention of assuming permanent custody the child acquired the domicile of the grandmother. However, the court taking notice that respondent is the guardian of the infant's estate in Wyoming found that she stood in the position of a trustee of a fund to be applied to the child's support. In this connection, counsel cite SDC 14.0506(3), above quoted. True, this was a relevant circumstance to be considered, but not in itself controlling under the provisions of that section as we have indicated. The trial court considered the best interests and welfare of the child to be paramount and after having heard the evidence and the respective contentions of the parties reached a conclusion as to what is for his best interests and present and future welfare. A trial court has a well recognized broad discretion in such matters, and if there is no abuse of that discretion we may not disturb it.

Counsel sought to interrogate respondent and appellant Ben Van Loh as to whether they would agree

to an investigation by a welfare agency and to abide with its recommendations as to custody of the child. The great weight of authority is to the effect that in the absence of stipulation and in the face of timely objection a court may not make use of an investigation by a welfare or other agency concerning the custody of a child. See Annotation in 35 A.L.R.2d 629. Moreover, the parties cannot by agreement make the recommendation of such an agency binding upon the court since the power of the court to determine matters of custody cannot be delegated to anyone. 17A Am. Jur., Divorce and Separation, § 824. There was no error in sustaining objections to the questions.

 The trial court found that "although the custody should be not divided, there is every indication from the attitude of the parties that the child will have close association with his maternal grandparents and opportunity to visit with them on the farm in the same manner as if he were living with his parents in Sioux Falls." The appellants and respondent as the trial court indicates are good people and the welfare of the grandson demands that he be permitted to share in the affection to be bestowed upon him by each of his grandparents. A trial court has a broad discretion in such matters and the decree herein is subject to modification if that which is expected of the respondent as indicated by the finding is not carried into effect by according the privilege of visitation at reasonable times.

The record discloses no such abuse of discretion as would warrant a reviewing court in disturbing the award of custody.

Affirmed.

All the Judges concur.