FAIRVIEW INDEPENDENT SCHOOL DISTRICT NO. 115-69 et al., Appellants

v.

COUNTY BOARD OF EDUCATION OF HAND COUNTY, Respondent

(176 N.W.2d 742)

(File No. 10715. Opinion filed April 28, 1970)

Lacey & Lacey, Sioux Falls, for appellants.

Ronald D. Campbell, Miller, for respondent.

James I. Hare, Miller, amicus curiae.

BIEGELMEIER, Judge.

On August 5, 1968, then without legal counsel, a group of persons from Fairview Independent School District of Hand County, South Dakota, appeared before the Hand County Board of Education and orally suggested a plan for a larger district. This plan was supported by a map of the suggested enlarged district and a statement listing the valuation of the areas, the probable students, budget, and capital outlay which would be involved in the enlarged district. The map

showed the townships by numbered sections and those sections and parts thereof to be included in the enlarged district were colored in red. The Board conducted hearings on the plan at several places within the county during October and, on December 2, 1968, adopted a resolution "that we leave the Fairview District as it is". From this action the Fairview District and an elector and taxpayer therein appealed to the circuit court. The circuit court heard additional evidence and entered findings of fact, conclusions of law, and a judgment affirming the action of the Board. The briefs of the parties have extensively covered several questions of law which they contend are involved; we limit the opinion to those decisive of the appeal.

■ Appellants state the Board had the duty to act upon the plan but did not, that is, its statement "that we leave the Fairview District as it is" was not a rejection of their plan. The trial court found the Board's action was a rejection of the Fairview plan and we agree. The Board assumed that view by a later resolution which referred to the action of December 2nd as "rejecting and disapproving" the Fairview plan and in adding to it additional justifications for "such rejection". Appellants must of necessity have so construed and accepted it, else they could not have been aggrieved by it and entitled to appeal. SDC 1960 Supp. 15.2344, now SDCL 13-46-1 through 13-46-7. Nor is it material whether this be a finding of fact or a conclusion of law, as appellants assert, its import is clear. See State ex rel. Van Loh v. Prosser, 78 S.D. 35, 98 N.W.2d 329.

The trial court found and it is undisputed the Fairview plan as presented to the Board contained territory which was not adjoining and also contained territory situated in two counties and the proposed plan had never been considered jointly by the Boards of the two counties. It does not appear the plan had ever been presented to the Hyde County Board.

SDC 1960 Supp. 15.2005, now SDCL 13-6-4 and 13-6-5, provides:[1]

1. Ch. 38, § 3, S.L.1967 amends this section, but was referred to the people and did not become effective until the canvass of the November 1968 election on December 5, 1968.

> "Reorganization of school districts by either the electors or the county board of education must meet the following requirements:
>
>     *            *            *            *
>
> (4) All proposed school districts shall consist of adjoining territory".

SDC 1960 Supp. 15.2006, as last amended by Ch. 40, S.L. 1966, provides that any powers which a county board has under SDC 15 "shall be performed jointly by all county boards and county officers of those counties containing territory involved in the reorganization of joint school districts".

            The trial court concluded the Board's action of December 2, 1968 rejecting or refusing the Fairview plan was neither unreasonable, arbitrary nor an abuse of discretion. That is the rule which circumscribes the court in reviewing decisions of boards with reference to the enlargement, consolidation or dissolution of school districts for they are legislative functions. The court has said:

> "The wisdom of its decision is not our concern, since we are not at liberty to substitute our judgment for that of the county board on a matter inherently legislative. If the rule were otherwise the circuit courts would become county boards of education deciding matters that are nonjudicial." Dunker v. Brown Co. Bd. of Ed., 80 S.D. 193, 203, 121 N.W.2d 10, 16.

It appears the Board gave serious consideration to the several phases of the Fairview plan. At the several meetings with those interested, Board members spoke on topics assigned to them such as, Finance, Area and Population, Education and Curriculum, Buildings and Transportation. The decision made was a practical legislative determination which has been entrusted to the Board, not to the courts.

Appellants also contend the Board reached its conclusion on grounds other than those noted, that it had the duty or power to change the plan to conform to a valid, statutory approved plan, and that it considered a plan supported by the Hand County Steering Committee while the Fairview plan

should have been given priority. These were administrative decisions within the province of the Board and do not indicate arbitrary action. The circuit court affirmance was for the reasons noted and being in accord with the review permitted in Dunker v. Brown Co. Bd. of Ed., supra, the judgment must be affirmed.

No question has been raised that no petition was before the Board (SDC 1960 Supp. 15.2014, now SDCL 13-6-38) and so we have considered the appeal on the same issues as did the trial court.

All the Judges concur.