COLBY et al., Appellants v. COSTELLO, Respondent

(232 N.W.2d 81)

(File No. 11448. Opinion filed August 6, 1975)

Robert L. O'Connor, Sioux Falls, Harry H. Smith, Sioux City, Iowa, for plaintiffs and appellants.

John E. Burke and Derald W. Wiehl of May, Johnson & Burke, Sioux Falls, for defendant and respondent.

WINANS, Justice.

There is only one question at issue in this case. Did an implied contract exist between the Defendant John M. Costello and the Plaintiffs by which Defendant was obligated to pay increased wages retroactively for a period from November 1, 1971 to early April 1972?

Plaintiffs Colby, Gorath, Rustin, Van Ash and Bontje were journeymen carpenters and Plaintiff Bauman was an apprentice carpenter at the time of the purported contract and all were

members of Carpenters' Local Union No. 783. They were in the employ of John M. Costello, a Sioux Falls general contractor in the construction of some apartment buildings. At that time the Sioux Falls Builders Association represented union contractors in the area and had negotiated with the unions contracts covering wages and other employment conditions. The union wage customarily became the prevailing local pay scale. Defendant Costello did not, during the period in. question, belong to the Sioux Falls Builders Association and was not a party to its agreements. Nevertheless, it was his policy to pay the prevailing wage to both his union and nonunion help alike in order to secure reliable skilled workers on his projects.

Plaintiffs had all been hired by Costello through his foreman, Abe Harms (who was himself a member of the Carpenters' Union) prior to November of 1971 at the then prevailing wage. The Sioux Falls Builders Association's contract with the union called for an increase of 75 cents per hour effective November 1, 1971. However, before that day arrived the federal government imposed a wage freeze and after its imposition any pay hike in the building trades required special governmental authorization. When permission for the raise which we here deal with was granted in April of 1972 it was retroactive to November 1, 1971. Plaintiffs argue that there existed an implied contract between them and the Defendant according to which Defendant would pay them the prevailing union wage and any retroactive pay which the Sioux Falls Builders Association members were held to by virtue of their contract with the carpenters, even though it is undisputed that Defendant at that time was not a party to the agreement between the Carpenters Union and the Sioux Falls Builders Association.

Based on its findings of fact the trial court concluded as a matter of law that "[n]o one of the Plaintiffs had any contract, actual or implied, with the Defendant, directly or through his agent, concerning retroactive back pay, or any other change in pay, except Bauman, which related only to his apprenticeship status."

■ We have held that when we consider whether the Findings of Fact are supported by the evidence "we must accept

that version, including the inferences which can be fairly drawn therefrom, which is favorable to the trial court's action. Because his participation in the trial reveals to him many things that are helpful and sometimes essential in deciding fact issues, it is presumed the findings are correct." *Potter v. Anderson*, 1970, 85 S.D. 142, 178 N.W.2d 743. Viewing all of the evidence in the light most favorable to the Defendant-Respondent we find that the trial court's Findings of Fact are supported by the record and must stand. Given the court's Findings of Fact, its conclusions of law are sound.

SDCL 53-1-3 states in part that "An implied contract is one, the existence and terms of which are manifested by conduct." Our case law holds that "[a] contract is implied in fact where the intention as to it is not manifested by direct or explicit words by the parties, but is to be gathered by implication or proper deduction from the conduct of the parties, language used, or acts done by them, or other pertinent circumstances attending the transaction." *Mahan v. Mahan*, 1963, 80 S.D. 211, 121 N.W.2d 367. In *Mahan* the court also held that "[t]he pertinent inquiry is whether the facts and circumstances properly evaluated permit an inference that services were rendered in expectance by one of receiving and the other of making compensation." In the case at bar Plaintiffs have argued that facts and circumstances permit the inference of the existence of such an implied contract but the lower court did not so find. Based on the trial court's finding of facts, which we have accepted, we cannot say that the court was in error in concluding that no contract, express or implied, bound John Costello to give Plaintiffs retroactive pay. Whatever were the expectations of the six carpenters it was found that the contractor had made no commitment on this issue. Furthermore, no such agreement was reached through the working foreman, Abe Harms. He was not given any authority to raise wages or grant retroactive pay increases. When he hired each of the Plaintiffs it was at an agreed pay rate of $5.85 an hour, except for the apprentice, and it was not at "union pay scale" as such; nor were Plaintiffs ever told that the job was a union job. In addition, the trial court found that "[t]he Defendant was on the job sites for a varying period of time each day and no one discussed the matter of a retroactive pay raise with him   *   *   *

no one of the Plaintiffs at any time had any conversation with the Defendant about retroactive pay until their employment had been completed."

In brief, since Costello was not a member of the Sioux Falls Builders Association and bound by its contract with the Carpenters' Union to give retroactive pay, for him to be otherwise bound to give the retroactive pay to his carpenter employees required either an express or an implied contract with them. No express contract existed, oral or written. For there to have been an implied contract it is necessary that there have been mutual assent to the contract, or at least conduct reasonably indicating assent even though not expressive of a true state of mind. *Federal Land Bank of Omaha v. Houck,* 1942, 68 S.D. 449, 4 N.W.2d 213. The trial court found no such conduct on the part of the Defendant and Plaintiffs' case thereby fails.

Affirmed.

All the Justices concur.