JOHNSON et al., Respondents v. PETROLEUM CARRIERS, INC., Appellant

(240 N.W.2d 114)

(File No. 11401. Opinion filed March 30, 1976)

Harry H. Smith, Smith & Smith, Sioux City, Iowa, Robert L. O'Connor, Sioux Falls, for plaintiffs-respondents.

May, Johnson & Burke, John E. Burke and John C. Quaintance, Sioux Falls, for defendant-appellant.

MYDLAND, Circuit Judge.

As it is before this court this case concerns an action brought by seven men who had worked for Petroleum Carriers, Inc., and who had gone out on strike about April 27, 1970. Their sole contention is that they had each earned payment for vacation not taken prior to the strike. The trial court found in favor of five of the seven plaintiffs and we affirm.

This action was begun June 7, 1971 and trial was held at Sioux Falls December 20, 1972. Judgment was filed August 23, 1973 and an appeal was taken. Appellant's assignments of error all relate to (1) sufficiency of the evidence to support certain findings, (2) improper designation of certain findings of fact and conclusions of law and (3) certain conclusions of law unsupported by proper findings of fact.

The record in this case is minimal, as only three witnesses testified and only one exhibit was introduced during the trial. Subsequent to trial a stipulation was received concerning certain dates of employment and salary paid to the plaintiffs. Plaintiffs asserted that each was entitled to vacation pay or paid vacation which each had earned and which had not been provided by Defendant. Defendant claimed that it was company policy that employees "had to work and be working when their vacation period came up and it had to be taken between June 1st and August 31st." By prearrangement they could take it at a later time. Defendant further claimed that there was no company policy to pay employees for their vacations in lieu of their taking a vacation. Plaintiffs on the other hand contend that they are in line for the pay for the vacation periods each had earned (the vacation period varying for each plaintiff according to length of employment with Defendant), but had not taken prior to the day the strike began or to the termination of their employment. They make no claim to earning benefits during the strike period. The exhibit introduced by the plaintiffs was a notice announcing an agreement apparently between Defendant and its drivers. That notice provides that the rate of pay for vacations (the "vacation rate") is "1/52 of previous years (sic) annual wage per week for vacation earned." It was received without objection. The trial

court concluded that "[a]t all times material hereto there existed an oral agreement between the parties buttressed by certain written notices and memos and by a long standing policy of Defendant company for the payment of vacation pay to the employees of the company."

There had been some discussion about the semantics of vacation pay, paid vacations, pay for vacations and the like. The essence of the dispute, however, is not really in question. Either the plaintiffs were each entitled to a week's pay for each week of vacation they had earned but not taken or they were not. The lower court found that five of them were.

■ As to the possible improper designation of certain findings of fact and conclusions of law the rules of this court require findings of fact and conclusions of law in cases tried to the court unless they are waived. RCP 52(a); SDCL 15-6-52(a). However, this court, while recognizing that the rule requiring that findings of fact and conclusions of law must be separately stated, has also recognized that an improper designation or incorporation of one within the other is not fatal.

" * * * the designation of a finding of fact as a conclusion of law is not determinative of its true nature. Slimmer v. Meade County Bank, 38 S.D. 311, 161 N.W. 325. This court has held that a fact found by the court although expressed as a conclusion of law will be treated on appeal as a finding of fact. Dodson v. Crocker, 20 S.D. 312, 105 N.W. 929; State ex rel. Parsons v. Kaufman, 50 S.D. 645, 211 N.W. 691; Cohrt v. Sun Insurance Office, 74 S.D. 153, 49 N.W.2d 589." State ex rel. Van Loh v. Prosser, 1959, 78 S.D. 35, 98 N.W.2d 329. See also Donovan v. Powers, 1972, 86 S.D. 245, 193 N.W.2d 796.

We find the requisite findings of fact, whether stated as such or within the conclusions of law, are present to support the trial court's decision.

■ Appellant also contends that several findings of fact are unsupported by credible evidence. Each finding of fact attacked

dealt with questions which were elements of the controversy and concerning which there was evidence submitted. The lower court heard the witnesses and examined the evidence. It is axiomatic in this court that when we consider whether findings of fact are supported by the evidence we must accept that version, including inferences which can be fairly drawn therefrom, which is favorable to the trial court's action. Because his participation in the trial reveals to him many things that are helpful and sometimes essential in deciding fact issues, it is presumed the findings are correct. Colby v. Costello, 1975, 89 S.D. 217, 232 N.W.2d 81. Viewing all of the evidence in the light most favorable to the plaintiffs-respondents we find that the trial court's findings of fact are supported by the record and must stand, as they are not clearly erroneous. In re Estate of Hobelsberger, 85 S.D. 262, 181 N.W.2d 455.

The decision of the trial court is affirmed.

WINANS, WOLLMAN and COLER, JJ., concur.

MYDLAND, Circuit Judge, sitting for DUNN, Chief Justice, disqualified.