**Gloria J. MILLER, Plaintiff and Appellant,**

v.

**Roger L. MILLER, Defendant and Respondent.**

**No. 11806.**

Supreme Court of South Dakota.

Sept. 15, 1976.

May, Johnson & Burke and Gale E. Fisher, Sioux Falls, for plaintiff and appellant.

Rodney J. Steele, Wilkinson & Steele, De Smet, for defendant and respondent.

COLER, Justice.

On July 9, 1975, respondent filed an affidavit and application for modification of a divorce decree dated October 18, 1974, and filed December 12, 1974. Thereafter on July 14, 1975, appellant filed a like affidavit and application for modification of the decree. Both parties sought modification of that part of the decree which awarded custody of their three-year-old son to the paternal grandparents "subject to the reasonable visitation rights" of both parties to the divorce.

The applications or petitions of both parties were consolidated for the purpose of hearing and, following the hearing, the trial court entered findings of fact and conclusions of law, together with an order, maintaining the status quo. From this order the child's mother has appealed.

We affirm.

Although RCP Rule 52(a), SDCL 15–6–52(a), does not require the entry of findings of fact and conclusions of law by the trial court, we are satisfied that, as in this case, where the court took testimony in support of the affidavits on file, this court's review is materially aided by their entry.

This court, in *Masek v. Masek*, 1976, S.D., 237 N.W.2d 432, in construing SDCL 25–4–45 and 30–27–19 clearly stated the rule regarding change of custody cases as follows:

"the parent seeking modification of custodial rights has the burden of proving (1) that there has been a substantial and material change of circumstances since the decree of divorce was entered, and (2) that the welfare and best interests of the children require the modification being sought. Either factors standing alone will not justify a change of custody—both must be present. This is a heavy burden, but the courts, the parties and especially the children must be protected from endless and vexatious litigation and resulting uncertainty flowing therefrom."

Under the explicit language of RCP Rule 52(a), "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Given this scope of review, we set forth the following findings of fact and conclusions of law,[*] which accurately reflect the evidence presented as to the change of circumstances. These read, in part, as follows:

### "FINDINGS OF FACT

#### II

That the plaintiff was married to Vernon Lind on July 5, 1975, which is just over a month prior to the hearing. That said husband is an independent contractor and earns approximately $15,000 per year. That the couple reside in a new apartment in Lennox, South Dakota.

#### III

That the defendant was married on January 13, 1975, to Angela Miller. The couple reside on a farm one mile south of his parent's residence near Sinai, South Dakota. He is engaged in a hog operation for his father and receives a salary of $500 per month, plus raising a few hogs on his own.

#### IV

That the defendant's wife has health problems. At this time it is uncertain as to whether or not such problems are serious.

#### V

That Gordon Miller and Avis Miller, grandparents of the minor child, have provided a good and stable environment, as well as financial security for the child; that they are fit, able and willing to continue to perform parental duties for said child. That the custody of the child in the grandparents was in the best interests of the said child relative to its temporal, mental, and moral welfare."

### "CONCLUSIONS OF LAW

#### II

That the short period of time which has elapsed since the remarriage of the plaintiff has not permitted a showing that the plaintiff's home is a fit place to rear a minor child, or that the plaintiff is now fit to properly perform her parental duties.

#### III

That the health of the defendant's wife is too precarious at this time to warrant an award of custody of the minor child to the defendant.

#### IV

That the circumstances and conditions of the plaintiff and the defendant have substantially changed since the entry of the judgment and decree of divorce, dat-

---

[*] As stated by this court in *State ex rel. Van Loh v. Prosser*, 1959, 78 S.D. 35, 98 N.W.2d 329:

"[T]he designation of a finding of fact as a conclusion of law is not determinative of its true nature. *Slimmer v. Meade County Bank*, 38 S.D. 311, 161 N.W. 325. This court has held that a fact found by the court although expressed as a conclusion of law will be treated on appeal as a finding of fact." (Citations omitted)

ed October 18, 1974. However, the circumstances and conditions as they relate to providing a secure and stable home for the minor child by either the plaintiff or the defendant, have not improved sufficiently to warrant the removal of the child from the grandparents' custody. There have been no changes of circumstances and conditions as they relate to the ability of the grandparents to provide a proper home which would be for the best interests of the child relative to its temporal, mental, and moral welfare."

The findings of the trial court are not "clearly erroneous." Indeed, they are amply supported by the record.

In *Wiesner v. Wiesner,* 1963, 80 S.D. 114, 119 N.W.2d 920, this court, citing *Taber v. Taber,* 209 Cal. 755, 290 P. 36, stated:

"In awarding custody of any minor child a court must be guided by what appears, from all the facts and circumstances, to be for the best interest of the child relative to its temporal, mental, and moral welfare. The feelings and desires of the parents are subservient to this paramount consideration except as such factors may relate to the best interest of the child."

Applying this criteria, we cannot say that the trial court abused its discretion. The record reflects that appellant's visitation rights have not been restricted nor is she foreclosed from reasserting her claim when and if she can make a satisfactory showing to the trial court that custody in her is in the best interest of the child.

The order appealed from is affirmed.

DUNN, C. J., and WINANS and WOLLMAN, JJ., concur.

ZASTROW, J., not having been a member of the court at the time this case was orally argued, did not participate.