## Maria Stiff's Executor, et al. v. Helm Stiff.

(Decided January 25, 1927.)

### Appeal from Meade Circuit Court.

1. Wills—To Constitute Anything an "Advancement," Decedent Must Die Wholly or Partially Intestate (Ky. Stats., Section 1407).— Under Ky. Stats., section 1407, nothing can be an advancement, unless decedent dies either wholly or partially intestate.

2. Wills—Advancement is Not Satisfaction of Devise or Bequest in Previous Will, Unless Testator so Intended when Making Advancement (Ky. Stats., Section 4840).—Under Ky. Stats., section 4840, advancement is not satisfaction in whole or in part of devise or bequest in a previous will, unless it appears on parol or other evidence that testator so intended at the time the advancement was made.

3. Parent and Child—Unexplained Advances of Money by Parent to Child are Presumed to be Gifts.—Advances of money by parent to child, when unexplained, are presumed to be by way of gifts, and not by way of loans.

4. Descent and Distribution—Testatrix's Canceled Checks Held Insufficient to Make Case Against Payee, Her Son and Devisee, for Money Loaned.—Testatrix's canceled checks in favor of son and devisee, apparently collected by him, held insufficient to establish case against him for money loaned and promised to be repaid in sum of checks.

5. Continuance—Refusing to Continue Action to Set Off Testatrix's Checks Against Devisee Held Not Error, where There was no Showing that Additional Proof would Sustain Plaintiff's Claims.—In action by executor to set off canceled checks of testatrix against devise, refusing continuance to secure proof held not error, where there was no showing that the additional proof would tend to establish claim that sums represented by the checks were advancements or money lent.

HARDIN & GENTRY for appellants.

L. A. FAUST and M. JOSEPH SCHMITT for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

In this action, instituted by appellant, G. W. Greer, executor of Maria Stiff, and trustee of Raymond Stiff, against a number of defendants, among others the appellee, Helm Stiff, many questions incident to the settlement of the estate of Maria Stiff, deceased, were involved. This appeal grows out of the fact that appellant, executor, therein sought to recover from appellee $1,250.00. The petition, in so far as it sought that relief, in the literary paragraph containing the allegations as to the various kinds and amounts of personal property which had come to the hands of the executor, stated: "And two certain amounts charged to Helm Stiff, devisee herein, one $1,000.00 by check from Maria Stiff, July 1, 1920, and $250.00 by check from Maria Stiff to Helm Stiff of March 25, 1920, which are charges and debts to said estate from Helm Stiff, son or devisee, or advancements chargeable

against him out of said estate." At another place in the petition it is alleged: "The plaintiff, G. W. Greer, executor, says the defendant, Helm Stiff, devisee, is justly indebted to the estate aforesaid in the sum of $1,250.00, with interest on $250.00 from March 25, 1920, until paid, and interest on $1,000.00 from July 1, 1920, until paid, because of the reason of his indebtedness, as aforesaid, alleged and set out, for money furnished him for which he agreed and promised to pay her, which he failed so to do." The petition contains no other allegation with respect to the cause of action against appellee, except that it prayed for judgment against him "for the amount of his indebtedness to the estate, together with interest thereon, and that same be offset against his part of the estate as his interest appears under the will." Issue was joined by an answer filed by appellee, and as the action was brought in equity the proof was taken by depositions, and this feature of the case, together with all the matters involved therein, was heard and tried by the chancellor. It was adjudged that the petition be dismissed in so far as it sought to recover anything from appellee, and hence the appeal.

If the petition be taken as an effort to charge appellee with the $1,250.00 as an advancement, under the provisions of section 1407, Kentucky Statutes, the action fails, because under it nothing may be deemed to be an advancement except in a case where decedent has died, either wholly or partially intestate. The action was instituted by the executor of the last will and testament of the decedent. Her will was filed as an exhibit with the petition, and it discloses that she disposed of her entire estate thereby and died neither wholly nor partially intestate.

Under section 4840, as construed by this court, an advancement given a person shall not be deemed to be a satisfaction in whole or in part of a devise or bequest to such person contained in a previous will unless it can be made to appear from parol or other evidence that the testator so intended at the time it was made. Duncan's Trustee v. Clay, 13 Bush 48; Swinebroad v. Bright, 110 Ky. 616; Shaeffer v. Vogt's Trustee, 113 Ky. 41; Casey v. Pence, 1 Rep. 279. Under this section of the statutes appellant's case must fail because there is a total failure of proof tending to establish that the money furnished to testatrix's devisee, appellee, Helm Stiff, by the two

checks, one for $1,000.00 and the other for $250.00, which were given in the year 1920, and some four years before her death, were intended by her to be in satisfaction, in whole or in part, of the devise to him contained in the will which she had previously made.

If the cause of action, as pleaded, be treated as the executor's effort to recover for the estate of his testatrix the $1,250.00 represented by the two checks, upon the theory that it was money which she had lent to him and which he expressly or impliedly promised to repay her, the case also must fail for want of proof. The only competent evidence tending to establish that state of case is the fact that after taking charge of her estate the executor found among the cancelled checks of his testatrix two checks, one for $1,000.00 and the other for $250.00, drawn in favor of appellee, which, from the endorsements, he appears to have collected. These checks were issued and paid some four years before the death of testatrix. The incompetent evidence as to what testatrix said these checks were for when appellee was not present was properly rejected by the chancellor. No competent evidence found in the record tends in the least to establish that they represented loans from testatrix to appellee. Testatrix was appellee's mother.

Treating the subject "Money Lent," in 41 C. J., page 7, section 18, it is written:

"While ordinarily there is no presumption that money paid by one person to another was paid as a loan, such a presumption does arise where the relationship between the parties is such that the payor naturally reposes confidence in the payee, as where the relationship is that of beneficiary and trustee, or, it has been held under certain statutory provisions, that of wife and husband; but the rule does not apply to payments by a parent to his child, or to payments by a child to its parents made during minority."

Treating of "Parent and Child," in 29 Cyc., page 1661, it is written:

"The legal inference arising from advances of money by a parent to a child, when unexplained, is that they were by way of gifts and not by way of loan."

These principles thus succinctly stated seem to control this case. The reason is apparent from merely su-

perficial consideration of the question. If, after the death of a person, his cancelled check can be held sufficient to make a case against the payee for money lent, no one could ever afford to accept a check in settlement of any debt or claim owing to him. After the death of the maker of the check his personal representative could in turn recover its amount from the payee. The maker of the check being dead, the payee could not testify to explain the transaction. We conclude that appellant made no case against appellee by merely producing the cancelled checks which his testatrix has issued and which appellee had collected.

The chancellor did not err in overruling the motion to set aside the order of submission and continuing the case in order that appellant might take additional proof, because there was no showing that the additional proof would tend to establish appellant's claim, either that the checks were given as advancements under either section of our statutes, *supra*, or that it was money lent by appellant's testatrix to appellee.

For the reasons indicated the judgment will be affirmed.