SCHMIDT, et al, Appellants, v. CLARK COUNTY, et al, Respondents.

(271 N. W. 667.)

(File No. 7974.   Opinion filed February 23, 1937.)

*Dunham & Dunham,* of Clark, for Appellants.

*Sterling H. Clark,* of Clark, and *Tom Kirby,* of Sioux Falls, for Respondents.

ROBERTS, J. This is a proceeding, brought under the Workmen's Compensation Law (Rev. Code 1919, § 9436 et seq., as amended) by Caroline Schmidt and Elsie Schmidt against Clark County, the employer, and the Western Surety Company, the insurer. The Industrial Commissioner denied an award, and the circuit court affirmed such decision. The claimants appeal to this court from the judgment of the circuit court and order denying motion for new trial.

The cause was submitted upon an agreed statement of facts. With immaterial omissions the stipulation reads as follows:

"I. That the said petitioners are the daughters of John W. Schmidt, now deceased, and at the time of their father's death were of the ages of twenty-one and eighteen years, and are in good physical and mental condition and able to maintain themselves by work.

"II. That on the 26th day of May, 1934, the said John W. Schmidt was a resident of the county of Clark, state of South Dakota, and on that date was employed by Clark County, South Dakota, as the operator of a fresno in the building of a road in connection with a project of work then being constructed by the said Clark County in said county.

"III. That on said date while so employed as aforesaid the said John W. Schmidt was accidentally injured in his abdomen, and as a result thereof died on the 28th day of May, 1934.

"IV. That the said claimants and petitioners had resided with and been supported by the said deceased, John W. Schmidt, since their birth, and since reaching their majority had continued to so reside with their said father upon the farm operated by him, doing the entire household work and duties and assisting in the

other work upon the said farm, without receiving from him any wages, and without any agreement, express or otherwise, for the payment of wages for their services."

As conclusions of law the court found: "That the defendant, Clark County, a public corporation of South Dakota, and the Western Surety Company, of Sioux Falls, South Dakota, its insurer, are not liable in this proceeding to the claimant and petitioner, and said matter is dismissed."

The question presented on this appeal is whether a daughter though having reached her majority and capable of earning her own living, may be awarded compensation if she was keeping house for her father at the time of his death, had been supported solely by him, and there was no contract, express or implied, for the payment of wages. Section 9458, Rev. Code 1919, specifies the classes of persons entitled to compensation for an injury to an employee resulting in death. Subdivision 1 of this section requires the payment of compensation if the employee leaves "any widow, child or children whom he was under legal obligation to support at the time of his injury." Subdivision 2 of this section provides that, if no amount is payable under subdivision 1, compensation shall be paid by the employer if the employee leaves "any parent, grandparent, brothers or sisters who were dependent upon him for support at the time of the accident." Subdivision 3 provides that, if no amount is payable under the two preceding subdivisions, compensation shall be paid by the employer if the employee leaves "collateral heirs dependent at the time of the injury to the employe upon his earnings." The remainder of the section is not here material. Whatever rights claimants have with reference to compensation, they accrued under and by virtue of the provisions of this statute. If it be conceded that a parent is under no obligation to support an adult child unless he is "unable to maintain himself" (section 191 Rev. Code 1919), under these explicit provisions claimants cannot prevail. Dependency at the time of an injury to an employee resulting in death is not made a condition of the right of children to receive compensation. This does not conform to the usual provisions in compensation acts, and cases to which we have been cited construing statutes requiring dependency do not apply.

It is contended that the duty and obligation of a parent

to support his child does not necessarily terminate when they become adults. In support of this contention claimants cite the case of Brown v. Ramsay, 29 N. J. Law 117, wherein the court said: "The right of a father to the services of his sane child ceases at twenty-one. It is then the right of the child to be empancipated, to be thenceforth its own master, make its own contracts, and receive into its own hands the fruit of its own labor. But arriving at the age of twenty-one is not ipso facto emancipation. The child may elect still to remain the servant of its father, to abide under his roof, and receive sustenance and support from him. In such a case he is not emancipated, and the father is liable for his support and entitled to receive his earnings." Section 195, Rev. Code 1919, provides that, "where a child, after attaining majority continues to serve and to be supported by the parent, neither party is entitled to compensation in the absence of an agreement therefor." It is argued that this statute implies the same rule, and that if the child renders services under such circumstances the duty and obligation of the father is to support the child. It is a settled rule of law that where services are rendered by one for another which are knowingly and voluntarily accepted, without more, the law presumes that such services were given and rendered in the expectation of being paid and will imply a promise to pay what they are reasonably worth. 28 R. C. L. 668. In the case of parent and child, the provisions of section 195 merely recognize an exception to the general rule.

A parent entitled to the custody of his child must give him support and education suitable to his circumstances (section 184, Rev. Code 1919), and "if a parent neglects to provide articles necessary for his child who is under his charge, according to his circumstances, a third person may in good faith supply such necessaries and recover the reasonable value thereof from the parent." Section 192, Rev. Code 1919. It is the obligation of a parent to support his child who is unable to maintain himself by work without regard to the age of the child. Section 191, Rev. Code 1919; Sanborn County v. Lutter, 46 S. D. 363, 193 N. W. 55. Section 189, Rev. Code 1919, provides: "The authority of a parent ceases: 1. Upon the appointment by a court of a guardian of the person of the child; 2. Upon the marriage of the child; or, 3. Upon

its attaining majority." A child becomes emancipated from parental authority under this statute when he attains his majority. These statutory provisions clearly imply that a parent does not owe the duty to support a child who has attained his majority and is physically and mentally capable of earning his own living. It does not appear from the facts of this case that the father at the time of his injury was under legal obligation to support claimants .

█ If it be conceded that a person not physically or mentally incapable of supporting himself may be adjudged a dependent under the Workmen's Compensation Act and that the rights of adult children are more restricted than the beneficiaries named in subdivisions 2 and 3 of section 9458, nevertheless this court is without authority to give effect to such considerations. The right to workmen's compensation is statutory, and this court must look to the terms of the act itself and construe them as enacted by the Legislature and determine rights accordingly in a given case.

The judgment and order appealed from are affirmed.

RUDOLPH, P. J., and POLLEY and WARREN, JJ., concur. SMITH, J., not sitting.