MAHAN, Respondent v. MAHAN, Appellant

(121 N.W.2d 367)

(File No. 10012. Opinion filed April 25, 1963)

Rehearing denied October 18, 1963

**Harold Dwyer,** Vermillion, **Blaine Simons,** Sioux Falls, for Defendant and Appellant.

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Plaintiff and Respondent.

ROBERTS, J. Plaintiff Alice Mahan brought this action against the administrator of the estate of John R. Mahan, deceased, for services rendered under alleged oral agreements. Plaintiff presented and filed with the administrator a claim against the estate for services performed and the claim having been rejected by the administrator plaintiff brought this action. Upon trial to a jury, plaintiff recovered judgment for $20,958.33, the full amount of the claim.

Plaintiff and Thomas Mahan were married on May 25, 1920, and lived upon the same farm until the death of the husband on September 28, 1953. Plaintiff's husband and his brother John had for a number of years prior to the marriage lived together and operated the farm in partnership. John made his home continuously with Alice and Thomas from the time of the marriage until the death of Thomas, and thereafter with Alice until May 1, 1955.

Plaintiff alleges that John promised plaintiff and her husband that they "would be fully and completely compensated for board, room, laundry and personal services furnished by them to the said John R. Mahan throughout the entire period of such service, such compensation to be adequately arranged by the said John R. Mahan so that the same would come from his estate, either from the said Thomas Mahan sharing therein as an heir at law or otherwise." Plaintiff also alleges that "after the death of the said Thomas Mahan, such promise was renewed by the said John R. Mahan, he then promising and agreeing that if the plaintiff would continue furnishing him with board, room, laundry * * * as long as she was able so to do, he would provide for her full and adequate compensation payable from his estate after his death, this by proceeds of a policy of insurance held by him, by making her co-owner of government bonds in the approximate amount of $10,000, and provision in his will whereby she would share in his estate exactly as his brother Thomas Mahan would have shared

if the said Thomas Mahan had survived * * *." Plaintiff further alleged that she fully performed her obligations under the agreements, but the decedent John R. Mahan breached them by failing to transfer or devise property to the plaintiff.

Defendant answering alleges that the complaint fails to state a cause of action, that the claim in the present action is a departure from that filed with the county court, that the claim is for services rendered by members of a family to another and that defendant is entitled to a setoff of a debt owed by plaintiff to decedent.

John R. Mahan died on August 2, 1959, without having made a will or transferring any property to the plaintiff. His brother Mike was named as administrator. There were surviving him as sole and only heirs at law the brother, two sisters, and the children of a deceased brother.

The principal assignment of error questions the sufficiency of the evidence to sustain the verdict. It is elementary that where services are rendered and voluntarily accepted by one for another, an obligation to pay compensation will ordinarily be implied.Schmidt v. Clark County, 65 S.D. 101, 271 N.W. 667. Where the services are rendered by one member of a family to another the relationship may repel the inference of a contract to pay. The general rule is that where near relatives reside together as one family the services rendered by one member to another are presumed to be gratuitous. Murphy v. Murphy, 1 S.D. 316, 47 N.W. 142, 9 L.R.A. 820; Annotation, 7 A.L.R.2d 8. The evidence shows that the brother lived in the home of plaintiff and her husband as a member of the family. The presumption of gratuity prevailed. Defendant contends that because of the family relationship plaintiff to sustain recovery had the burden of proving an express contract for compensation and cites in support of such contention Armstrong's Adm'r v. Shannon, 177 Ky. 547, 197 S.W. 950; Parker v. Hilliard, 106 Colo. 187, 102 P.2d 734; Cromwell v. Simons, 2 Cir., 280 F.663. The nature of a contract to sustain a claim for services rendered is not controlling. Contracts to pay for services rendered may be express, implied in fact, or implied in law. The latter are fictions of the law adopted to achieve justice where no true contract exists. True contracts grow

out of the intention of the parties. Where the intention is expressed in words, the contract is express. A contract is implied in fact where the intention as to it is not manifested by direct or explicit words by the parties, but is to be gathered by implication or proper deduction from the conduct of the parties, language used, or acts done by them, or other pertinent circumstances attending the transaction. The difference lies in the manner of manifesting assent and an express contract and one implied in fact involve no difference in legal effect. In the case at bar no specific contract to perform services and a corresponding promise on the part of the decedent to transfer or devise property as compensation was proved. The pertinent inquiry is whether the facts and circumstances properly evaluated permit an inference that services were rendered in expectance by one of receiving and the other of making compensation.

This court has said that claims of this nature must be closely scrutinized, being objects of suspicion, and must be established by greater quantum of proof than in ordinary actions. In Douglas v. Beebe, 46 S.D. 559, 195 N.W. 165, reversing a judgment against an administrator for · compensation for services claimed to have been rendered for decedent during a period of twenty-five years, this court held that plaintiff had the burden of establishing his claim by clear and convincing evidence. In the opinion, the following language was quoted from White v. Devendorf, 127 App. Div. 791, 111 N.Y.S. 815: "The courts, before upholding an oral agreement of this kind, which, if carried out, will divert the property of the decedent from its natural channels, will require it to be established by clear, convincing proof. In fact, it must be a case of extraordinary equity, and sustained by unmistakable evidence." In re Weide's Estate, 73 S.D. 448, 44 N.W. 2d 208, was decided adversely to the claim of decedent's daughter-in-law that decedent had agreed to compensate her for nursing, housework and food furnished.

For other authorities respecting the high degree of proof necessary to prove parol agreements in actions of a similar nature see Rhode v. Farup, 67 S.D. 437, 293 N.W. 632; Crilly v. Morris, 70 S.D. 584, 19 N.W.2d 836; Johnston v. Eriksson, 71 S.D. 268, 23 N.W.2d 799; Annotation, 7 A.L.R. 2d 8, §§ 30, 35.

██ The testimony relied on by plaintiff consists of admissions or declarations claimed to have been made by decedent John R. Mahan during his lifetime. It is well to keep in mind that testimony as to oral statements allegedly made by deceased persons is regarded as the weakest kind of evidence. 31 C.J.S. Evidence § 266. As said by the court in Kinney v. Murray, 170 Mo. 674, 71 S.W. 197, " 'The evidence consisting, as it does, in the mere repetition of oral statements, is subject to much imperfection and mistake; the party himself either being misinformed, or not having clearly expressed himself, or the witness having misunderstood him. It frequently happens also that the witness, by unintentionally altering a few of the expressions really used, gives an effect to the statement completely at variance with what the party actually did say. * * * When we reflect upon the inaccuracy of many witnesses in their original comprehension of a conversation, their extreme liability to mingle subsequent facts and occurrences with the original transaction, and the impossibility of recollecting the precise terms used by the party, or translating them by exact equivalents, we must conclude there is no substantial reliance upon this class of testimony.' * * . * 'The intrinsic weakness of this class of evidence is further enhanced in any given case by the length of time that has intervened since the declarations were made, and the ease with which it can be manufactured, and the temptation to do so, when all those by whom it could be contradicted are in their graves.' " The court in Paris v. Scott, 267 Mich. 400, 255 N.W. 216, made this observation: "In cases of this kind, the testimony of witnesses must be viewed with great caution, because of the frailties of memory, the improbability of repeating the precise language of a person since deceased, of fairly expressing the full state of mind of such person, and because the change of a word may mean the difference between a binding contract and a mere expression of intention."

Plaintiff was unable to appear in court and testify. Her deposition taken at the instance of the defendant was read in its entirety at the trial. She testified as to statements made by decedent John R. Mahan and conversations between him and her husband, but did not testify that they had made an agreement

for compensation. At most her testimony indicated an indefinite intention to make a will leaving property to her.

The principal witness for plaintiff was Joe Robbie, an attorney, who represented Alice Mahan as the administratrix of her husband's estate and whose wife is a niece of the plaintiff. He testified that he had a conversation with John R. Mahan at the latter's home on January 5, 1954, at which John Bernard was present; that decedent told him that his reason for naming Thomas Mahan beneficiary in a policy of insurance and making him co-owner of his United States Savings Bonds was because of an "agreement with Tom" whereby he could "live with Tom and Alice in their home"; that decedent said that he "wanted and agreed to make the same arrangements for Alice that he had made for Tom"; that decedent signed a request for a change of beneficiary in the policy of insurance from Thomas to Alice Mahan; and that decedent inquired about substituting Alice Mahan for her husband as co-owner of the bonds. Mr. Robbie was corroborated in his testimony by John Bernard whose wife is a niece of Alice Mahan. Plaintiff makes her home with the Bernards.

Decedent, in December, 1955, again changed the beneficiary and made the insurance above mentioned payable to his estate. No bonds other than one in the principal sum of $500 were found among the effects of John R. Mahan after his death. The declarations and promises claimed to have been made were not fulfilled. It may be here noted that Mr. Robbie produced copy of a will that he, in December, 1954, handed John R. Mahan for execution. Under its provisions, Alice Mahan would have shared equally in decedent's estate with his surviving brothers and sisters. This indicates that decedent did not think that he had a binding contract with plaintiff and there is no evidence that indicates that plaintiff relied upon decedent's expressions of an intention to provide adequately for her by will.

█ █ Plaintiff had the burden of establishing a contract substantially as claimed and the contract must be mutual; that is to say, there must be a clear basis for an inference that decedent intended to compensate plaintiff and her husband for services rendered and that they expected remuneration. There is no evidence to indicate that plaintiff and her husband performed

the services upon a contractual basis or in reliance upon promises of decedent that he would transfer or devise property to them. See Kleinberg v. Kinealy, Mo. App., 193 S.W. 981; McClure v. Lenz, 40 Ind. App. 56, 80 N.E. 988; In re Fox' Estate, 131 W.Va. 429, 48 S.E.2d 1, 7 A.L.R.2d 1; Ibach v. Hoffman, 184 Or. 296, 198 P.2d 266. The evidence was insufficient to sustain the verdict. A definite contract by clear and convincing evidence was not established.

Judgment reversed.

HANSON, P. J., and RENTTO and BIEGELMEIER, JJ., concur.

HOMEYER, J., (dissenting). I am unable to concur with my colleagues. The trial court instructed on the essentials of an express contract and a contract implied in fact and that in a case of this type the contract must be established by clear and convincing proof. Douglas v. Beebe, 46 S.D. 559, 195 N.W. 165. The quantum of proof required to establish an express contract may be lacking, but considering all of the evidence, direct and circumstantial, I am of the opinion that a contract implied in fact, sufficiently definite, is established by evidence which can be said to be clear and convincing and recovery in quantum meruit for the services rendered should be allowed. The jury so decided and the plaintiff is entitled to the benefit of all reasonable inferences from the evidence and all controverted facts have been determined in her favor.