#24878-rev & rem-JKK

**2008 SD 131**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

ESTATE OF SCOTT W. DIMOND
aka SCOTT DIMOND, Deceased.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE SIXTH JUDICIAL CIRCUIT
MELLETTE COUNTY, SOUTH DAKOTA

* * * *

HONORABLE LORI S. WILBUR
Judge

* * * *

STANLEY E. WHITING                     Attorney for appellant
Winner, South Dakota                   Twila Edwards.

ANITA L. FUOSS                         Attorney for appellee
Murdo, South Dakota                    Sandhill Oil Co. Inc.

* * * *

CONSIDERED ON BRIEFS
NOVEMBER 3, 2008

OPINION FILED **12/30/08**

#24878

KONENKAMP, Justice

[¶1.]     Although never decided in South Dakota, many jurisdictions hold that, as a general rule, an unexplained transfer of money or property from a parent to a child creates a rebuttable presumption that the transfer was intended as a gift. In this case, nine months after a mother gave her son $25,000, he died. Declaring that the money was a loan, she sought reimbursement from her son's estate as an unsecured creditor. In a hearing to resolve the mother's claim, the circuit court applied the presumption of a gift and ruled that it could be rebutted only by clear and convincing evidence. We adopt the presumption, but conclude that the court erred in setting too high a standard for rebuttal. We reverse and remand.

## I.

[¶2.]     Scott Dimond perished in an auto accident on March 6, 2006. He left three children and assets worth $129,753.42 to cover $245,000.64 in unsecured debts. His mother, Twila Edwards, and the children's mother, Julie Dimond, petitioned the circuit court for settlement of his estate. Under the proposed settlement, Twila and Sandhill Oil Company, among other creditors, would receive a percentage of their claims. Twila claimed to have loaned her son $25,000 for "fat cattle" and listed herself as an unsecured creditor. With accrued interest at 8%, her claim totaled $27,000.

[¶3.]     Sandhill objected to the proposed settlement. It asked that Twila's claim be disallowed for her failure to provide substantiation for the debt. At the hearing, Twila, her ex-husband, Mark, and Scott Dimond's daughter, Ashley, testified in support of Twila's claim. In denying the claim, the court ruled that

-1-

Twila failed to rebut the presumption of a gift by clear and convincing evidence.

Twila appeals asserting that the court erred when it (1) held that there was a

rebuttable presumption that a gift was intended, (2) found that the transaction

between Dimond and Twila was unexplained, and (3) failed to rule on her

promissory estoppel claim.[1]

## II.

[¶4.]        Twila argues that the circuit court erred when it held that the money

she gave her son was presumptively a gift.  The circuit court espoused the view,

widely held in other jurisdictions, that in these circumstances a gift is presumed.

Although we have never addressed the question, a considerable number of courts

hold that an unexplained transfer of property from a parent to a child raises a

rebuttable presumption, or inference, that a gift was intended.[2]  *See* Charles C.

---

1.    The circuit court did not rule on Twila's promissory estoppel claim.  She did
      not object to the court's failure to rule or submit proposed findings and
      conclusions on this issue.  Therefore, it is waived.  State v. Sickler, 334 NW2d
      677, 679 (SD 1983) (quoting Am. Fed. Sav. & Loan Ass'n v. Kass, 320 NW2d
      800, 803 (SD 1982)).

2.    Ware v. Ware, 161 P3d 1188, 1192-93 (Alaska 2007); First Nat'l Bank of Fort
      Collins v. Honstein, 355 P2d 535, 536 (Colo 1960); Webb v. Blake, 119 SE
      447, 448 (GaCtApp 1923); Almeida v. Almeida, 669 P2d 174, 178-79
      (HawCtApp 1983); Nordlund v. Nordlund, 452 NE2d 18, 21 (IllCtApp 1983);
      Barth v. Severson, 183 NW 617, 623-24 (Iowa 1921); Stiff's Ex'r v. Stiff, 290
      SW 718, 719 (KyCtApp 1927); Stahn v. Stahn, 256 NW 137, 137-38 (Minn
      1934); Sunflower Farms, Inc. v. McLean, 117 So2d 808, 813 (Miss 1960);
      Fischer v. Wilhelm, 300 NW 350, 351 (Neb 1941); Bankers' Trust Co. v. Bank
      of Rockville Ctr. Trust Co., 168 A 733, 737 (NJCtEr 1933); Durward v.
      Nelson, 481 NW2d 586, 588 (ND 1992); Brightbill v. Boeshore, 122 A2d 38, 42
      (Pa 1956); Romano v. Romano, 205 A2d 583, 586 (RI 1964); Hayne Fed.
      Credit Union v. Bailey, 489 SE2d 472, 475-76 (SC 1997); *In re* Estate of
      LaValle, 218 SW3d 834, 836 (TexCtApp 2007); *In re* Estate of Miller, 143 P3d
      315, 320 (WashCtApp 2006); *In re* Estate of Rohde, 98 NW2d 440, 441 (Wis

(continued . . .)

Marvel, *Unexplained Gratuitous Transfer of Property from One Relative to Another as Raising Presumption of Gift*, 94 ALR3d 608 (1979) (updated 2008). Like many presumptions, this one exists to "correct the imbalance resulting from one party's superior access to the proof" and to overcome "the difficulties inherent in proving that the more probable event in fact occurred." Edward W. Cleary, McCormick on Evidence § 343, 806-807 (2ded 1972).

[¶5.]        We adopt the majority view that transfers of property or money from parent to child are presumptively gifts. Consequently, as the party seeking repayment of a loan against the estate, Twila had the burden of going forward with evidence sufficient to overcome the presumption, as well as the ultimate burden of proving the validity of the loan. *See* Matter of Howard, 434 SE2d 254, 258 n7 (SC 1993) (citing *In re* Estate of Krueger, 455 NW2d 809 (Neb 1990)). Evidence offered at the hearing showed that Twila voluntarily gave her son $25,000 by personal check without notation on the check or other documentation. The check was processed at Twila's bank on June 30, 2005. Stamped on the back of the check was the following: "PAY TO THE ORDER OF WELLS FARGO BANK, NA WHITE RIVER, SD FOR DEPOSIT ONLY SCOTT DIMOND DBA DIMOND OIL. . . ."

### III.

[¶6.]        In its ruling, the circuit court, relying on appellate decisions from Illinois and Washington, declared that the "presumption [of a gift] can only be

_____

(. . . continued)
        1959); Kelsey v. Anderson, 421 P2d 163, 164 (Wyo 1966); *see also In re* Hall, 5 BR 120, 122 (BankrMDTenn 1980).

overcome by clear and convincing evidence." *See In re* Marriage of Wanstreet, 847 NE2d 716, 721 (IllCtApp 2006); *In re* Estate of Miller, 143 P3d 315 (WashCtApp 2006). Under this standard, courts require proof that is certain, definite, reliable, and convincing, leaving no doubt on the intention of the parties. *Estate of Miller*, 143 P3d at 320 (citation omitted); Daly v. Lanucha, 81 A2d 826, 828 (NJSuperCt 1951) (citations omitted). While we have said that "when a *claim of a gift* is not asserted until after the death of the alleged donor, the evidence must be clear and convincing of every element requisite to constitute a gift," such rule will not apply to the presumption here. *See In re* Estate of Fiksdal, 388 NW2d 133, 135 (SD 1986) (emphasis added) (citation omitted). Twila seeks not to prove a gift, but to overcome the presumption of one.

[¶7.]     South Dakota's rule on presumptions in civil cases provides:

> In all civil actions and proceedings, unless otherwise provided for by statute or by chapters 19-9 to 19-18, inclusive, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast. When substantial, credible evidence has been introduced to rebut the presumption, it shall disappear from the action or proceeding, and the jury shall not be instructed thereon.

SDCL 19-11-1 (Rule 301). A subject of strong criticism, the "substantial, credible evidence" language in the last sentence was appended by South Dakota to what was

essentially the federal version of Rule 301.[3]  According to Professor Larson, this undefined phrase "injects added uncertainty into the interpretation of the rule." John W. Larson, South Dakota Evidence § 301.1 (1991).

[¶8.]          We demurred on venturing a definition of "substantial, credible evidence" in *Bell v. East River Electric Power Cooperative, Inc.*, 535 NW2d 750, 755 (SD 1995).  We did, however, accept Professor Larson's view that such language "'was intended to give a presumption greater strength by requiring much more to defeat it than a mere "tapping on the window."'"  *Id.* (quoting John W. Larson, South Dakota Evidence § 301.1 (1991)); *see also* Hinds v. John Hancock Mut. Life Ins. Co., 155 A2d 721, 730 (Me 1959) (quoting Hildebrand v. Chicago, B.&Q.R.R., 17 P2d 651 (Wyo 1933)).  Indeed, the words "substantial, credible evidence" in SDCL 19-11-1 (Rule 301) were ostensibly added to meet the criticism of the federal rule that a scintilla of evidence—enough merely to burst a bubble—is all that is required to overcome a presumption.[4]  From that perspective, the added language makes sense.[5]

---

3.     Known as the vanishing or "bursting bubble" rule, it was adopted in Federal Rule of Evidence 301, which provides:

> In all civil actions and proceedings not otherwise provided for by Act of Congress or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

4.     One of the major opponents of the "bursting bubble" theory of presumptions, Professor Morgan, noted in a law review article that "it is a little short of ridiculous to allow so valuable a presumption to be destroyed by the introduction of evidence without actual persuasive effect."  E. Morgan,

(continued . . .)

[¶9.]        Still, going forward with "substantial, credible evidence" should not ordinarily be equated with meeting any particular burden of proof.[6]  Otherwise, the burden of producing evidence shifts to become the burden of persuasion, contradicting the explicit provisions of the rule.[7]  A presumption "does not shift . . . the burden of proof in the sense of the risk of nonpersuasion[.]"  *See* SDCL 19-11-1 (Rule 301).  Reading this statute as a whole, therefore, we deduce that the substantial, credible evidence requirement means that a presumption may be

---

(. . . continued)

> *Instructing the Jury Upon Presumptions and Burden of Proof*, 47 HarvLRev 59, 82 (1933), as cited in 9 Wigmore, Evidence § 2493c, at 315 n3 (Chadbourn rev 1981).

5.    This language may also have been intended to salvage, at least in part, the law before the adoption of SDCL 19-11-1 (Rule 301), as recited in *King v. Johnson Bros. Construction Co.*,

> Courts have differed in stating the quality and quantity of evidence required to remove a legal presumption.  Frequently they say the evidence must be substantial.  Sometimes it is termed as 'credible', or 'positive', or 'satisfactory' evidence.  *See* Annot. 5 ALR3d, § 6, pp 55, 56.  South Dakota in the Peters [v. Lohr, 24 SD 605, 124 NW 853, 855 (1910)] case said prima facie evidence is necessary, but the Lunde [v. Dwyer, 74 SD 559, 56 NW2d 772 (1953)] case makes it evident that there must be enough evidence to serve as the basis for a logical inference contrary to the presumption.

83 SD 69, 77, 155 NW2d 183, 187 (1967).

6.    Some South Dakota statutes, however, specifically require proof by clear and convincing evidence to overcome a presumption.  *See, e.g.*, SDCL 12-4-36 (presumption certain electors not qualified); SDCL 60-4-12 (presumption of good faith disclosure of employment information).

7.    Not to be confused with prima facie evidence, a presumption disappears once it is rebutted, whereas prima facie evidence will not disappear when it is contradicted, but remains to be given such weight as the trier of fact determines.

rebutted or met with such evidence as a trier of fact would find sufficient to base a decision on the issue, if no contrary evidence was submitted.[8] But mere assertions, implausible contentions, and frivolous avowals will not avail to defeat a presumption. What may suffice as substantial, credible evidence will, of course, vary depending on the nature of the presumption. A presumption implementing vital public policy, like the presumption of legitimacy, for instance, would require weighty evidence to surmount it. SDCL 25-4-48; SDCL 25-8-57. Conversely, a presumption established primarily as a procedural device may require some lesser quantum of substantial, credible evidence for rebuttal.

[¶10.] Here, in the face of the presumption of a gift, Twila bore the burden of going forward with substantial, credible evidence—that is, evidence that if uncontradicted would be sufficient to sustain a finding of the nonexistence of the presumed fact. If rebutted, the presumption would vanish and the case would proceed without regard to the presumption. Twila was not required to go forward with clear and convincing evidence, as the trial court erroneously held.

## IV.

[¶11.] Although it is not entirely clear from our examination of the court's findings, in addition to concluding that Twila failed to overcome the presumption of

---

8. Florida, apparently the only other state to include the term "credible" in its presumption statute, uses a similar standard. Berwick v. Prudential Prop. & Cas. Ins. Co., 436 So2d 239, 240 (FlaCtApp 1983); *see also* Hlad v. State, 565 So2d 762, 776-77 (FlaCtApp 1990) (Cowart, J., dissenting). Florida's statute requires the "the trier of fact to assume the existence of the presumed fact, unless credible evidence sufficient to sustain a finding of the nonexistence of the presumed fact is introduced[.]" FSA 90.302(1).

a gift by clear and convincing evidence, it appears the circuit court may also have applied the clear and convincing burden of proof to the evidence offered on the ultimate issue whether Twila loaned the money to her son. If the court indeed applied this standard, it was in error. We have held that a service contract hinging on parol evidence, sought to be enforced after the death of the other contracting party, must be proved by clear and convincing evidence. *In re* Malone's Estate, 249 NW2d 757 (SD 1977) (citing Mahan v. Mahan, 80 SD 211, 121 NW2d 367 (SD 1963)) (additional citation omitted). *Malone's Estate*, and its predecessor cases, dealt particularly with claims for payment after death for services rendered while the decedents were alive. In those cases, the claimant must prove entitlement to payment by clear and convincing evidence. The clear and convincing standard has also been imposed by other jurisdictions when a claimant requests reimbursement for services rendered. *See In re* Shirk's Estate, 399 P2d 850, 854-55 (Kan 1965); Keller v. Keller, 263 A2d 578, 580-81 (Md 1970); Richards v. Pac. Nat'l Bank of Washington, 519 P2d 272, 274-75 (WashCtApp 1974); *see also* Daly v. Blinstrubas, 2002 WL 31898259 (ConnSuperCt 2002) (unpublished). This high standard is imposed, as "claims of this nature must be closely scrutinized, being objects of suspicion, and must be established by greater quantum of proof than in ordinary actions." *Mahan*, 80 SD at 215, 121 NW2d at 369.

[¶12.] Here, on the other hand, Twila was not seeking reimbursement for services she rendered. Rather, she contended that she loaned her son money. South Dakota has not directly addressed the question of the burden of proof in such cases. In other jurisdictions, courts have imposed the preponderance of the

evidence burden for these claims. *In re* Freundlich's Estate, 116 NYS2d 757, 759 (NYSurCt 1952); *In re* Matter of Estate of Hill, 492 NW2d 288, 293 (ND 1992); Lappin v. Lucurell, 534 P2d 1038, 1045 (WashCtApp 1975). The preponderance burden is used despite the fact that the loan sought to be enforced is based on an oral agreement. *See Estate of Hill*, 492 NW2d at 293. Because a claim seeking reimbursement for services is more problematic than a claim for enforcement of a loan, the clear and convincing evidence standard should not be imposed in establishing the validity of a claimed loan. Twila should only be required to prove her claim by a preponderance of the evidence.

[¶13.] Sandhill Oil argues that even if the court erred in applying the gift presumption, the court still ruled that the claim should be denied for lack of evidence to establish its validity. In its findings of fact and conclusions of law, the circuit court noted that "[t]here is no credible evidence that [Dimond] made any agreement to repay moneys he received from [Twila], and there [is] no enforceable contract for the repayment of those moneys or interest." Evidence on whether the check was intended as a loan was contradictory. On the one hand, Twila testified that she intended the money to be a loan and that her son understood that. One witness recalled her son speaking of a loan from his mother, but no date could be nailed down. On the other hand, Twila had also given her daughter $15,000, but the word "loan" was noted on the check. No such language was on her son's check.

[¶14.] Certainly the trial court could reach the same conclusion on remand, but we think it should examine the evidence under the proper standards. We will

#24878

not speculate on whether under the correct standards the court might reach a different conclusion.

[¶15.]     Reversed and remanded.

[¶16.]     GILBERTSON, Chief Justice, and SABERS, ZINTER, and MEIERHENRY, Justices, concur.