[¶19.] On appeal, Sandra contends:
1. The circuit court lacked subject matter jurisdiction to determine custody.
2. The circuit court erred in concluding Duane did not have a history of domestic abuse.
3. The circuit court erred in determining Duane overcame the presumption under SDCL 25-4-45.5.
4. The circuit court abused its discretion in awarding primary physical custody to Duane.
Standard of Review
[¶20.] Questions of jurisdiction are reviewed de novo. Reaser v. Reaser , 2004 S.D. 116, ¶ 27, 688 N.W.2d 429, 437. We review child custody determinations for an abuse of discretion. Van Duysen v. Van Duysen , 2015 S.D. 84, ¶ 4, 871 N.W.2d 613, 614. While "[a]n abuse of discretion refers to a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence[,]" in a child custody proceeding, an abuse of discretion also occurs when the circuit "court's review of the traditional factors bearing on the best interests of the child is scant or incomplete." See Pietrzak v. Schroeder , 2009 S.D. 1, ¶ 37, 759 N.W.2d 734, 743. The circuit court's findings of fact are reviewed for clear error. Pieper v. Pieper , 2013 S.D. 98, ¶ 12, 841 N.W.2d 781, 785. This means "[w]e will overturn the trial court's findings of fact on appeal only when a 'complete review of the evidence leaves the Court with a definite and firm conviction that a mistake has been made.' " Id. (quoting Schieffer v. Schieffer , 2013 S.D. 11, ¶ 15, 826 N.W.2d 627, 633 ).
Analysis
1. Subject Matter Jurisdiction.
[¶21.] The Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) requires that the circuit court establish jurisdiction under SDCL 26-5B-201 before acting as a forum for determining child custody. Langdeau v. Langdeau , 2008 S.D. 44, ¶ 15, 751 N.W.2d 722, 728. One way initial jurisdiction exists includes: "This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state[.]" SDCL 26-5B-201(1).
*135 [¶22.] Sandra argues the circuit court lacked subject matter jurisdiction under the UCCJEA to modify custody because South Dakota is not the minor children's home state. She highlights that Duane commenced the child custody proceeding after the children had lived with her in Minnesota for more than six months. She further directs this Court to the circuit court's repeated reference to the proceeding being the "first judicial determination of custody" and "initial determination of custody."
[¶23.] Sandra's argument ignores the exclusive, continuing jurisdiction that existed to modify custody under SDCL 26-5B-202. Duane's motion to modify custody did not commence a child custody proceeding. Rather, Sandra commenced a child custody proceeding in May 2014 in South Dakota when she filed a complaint against Duane seeking a divorce and determination of child custody. The South Dakota circuit court then "made a child-custody determination", see SDCL 26-5B-202, on May 16, 2014, when it entered a judgment and decree of divorce incorporating the terms of child custody as stated in the parties' stipulation and agreement.
[¶24.] The fact that the original award of custody to Sandra was by stipulation and agreement (confirmed by a court judgment and decree) or by a judgment and decree after a contested trial is of no import. See, e.g., Merrill v. Altman , 2011 S.D. 94, ¶¶ 2, 22, 807 N.W.2d 821, 822, 826. Equally not controlling on the question of jurisdiction under the UCCJEA is the circuit court's statements that its decision was an "initial custody determination" and a "first judicial determination of custody." See Moulton v. Moulton , 2017 S.D. 73, ¶ 10, 904 N.W.2d 68, 72. Those statements were made in relation to Duane's evidentiary burden on his motion to modify the custody arrangement incorporated into the parties' judgment and decree of divorce. Finally, we note that Sandra made no request or showing to the circuit court for a determination that its exclusive, continuing jurisdiction had ceased under SDCL 26-5B-202. Because the circuit court made an initial custody determination for purposes of the UCCJEA on May 16, 2014, the circuit court retained exclusive, continuing jurisdiction under SDCL 26-5B-202. The court did not err in denying Sandra's motion to vacate.
2. History of Domestic Abuse under SDCL 25-4-45.5(3).
[¶25.] When making a custody determination, the circuit court "is required to consider a conviction of domestic abuse, a conviction of assault as defined, and a history of domestic abuse." Stavig v. Stavig , 2009 S.D. 89, ¶ 17, 774 N.W.2d 454, 460-61 (citing SDCL 25-4-45.5). A "conviction or history of domestic abuse creates a rebuttable presumption that awarding custody to the abusive parent is not in the best interest of the minor." SDCL 25-4-45.5. However, "[a] history of domestic abuse may only be proven by greater convincing force of the evidence." Id.
[¶26.] Duane was convicted of violating a protection order entered in favor of Sandra. Because the conviction constitutes domestic abuse, the circuit court appropriately required Duane to rebut the presumption against a custody award in his favor. Sandra, however, contends that Duane, in addition to his one conviction for domestic abuse, has a history of domestic abuse. She argues the circuit court's conclusion to the contrary "is completely inconsistent with the evidence and constitutes a clear abuse of discretion."
[¶27.] The circuit court examined each claimed instance of abuse alleged by Sandra, some of which were investigated by law enforcement and DSS. The court *136 then gauged the credibility of the witnesses and weighed the testimony and evidence. Ultimately, the court found that Sandra failed to prove-by greater convincing force of the evidence-that Duane has a history of domestic abuse. In doing so, the court regarded "much of Sandra's testimony at this hearing" as "not credible." "[W]e give due regard to the [circuit] court's opportunity to observe the witnesses and the evidence." McCollam v. Cahill , 2009 S.D. 34, ¶ 6, 766 N.W.2d 171, 174. From our review, the circuit court did not err or abuse its discretion when it concluded Duane did not have a history of domestic abuse.
3. Rebuttable Presumption under SDCL 25-4-45.5.
[¶28.] Duane's conviction of domestic abuse (violating a protection order) created a "rebuttable presumption that awarding" custody to him is not in the children's best interest. See SDCL 25-4-45.5. Sandra contends the circuit court declared the presumption rebutted on mere evidence of "the time [Duane] spent with the children, interacted with them, and participated in events with them." She argues the circuit court should have required Duane to present evidence that "the issues that led to his previous behavior are no longer a concern."
[¶29.] While Sandra is correct-the court considered Duane's interactions with the children-Sandra ignores the additional evidence relied upon by the circuit court. Again, the circuit court found much of Sandra's testimony at the hearing not credible. The court further noted the circumstances surrounding Duane's conviction, namely that he made phone calls to Sandra's work and went to her office. Finally, and importantly, the circuit court examined each alleged instance of abuse asserted by Sandra, the nature of the parties' contentious and unhealthy relationship, and the character testimony offered by Duane's witnesses.
[¶30.] SDCL 19-19-301 provides that a presumption can be rebutted with "substantial, credible evidence[.]" In In re Estate of Dimond , we explained that "the substantial, credible evidence requirement means that a presumption may be rebutted or met with such evidence as a trier of fact would find sufficient to base a decision on the issue, if no contrary evidence was submitted." 2008 S.D. 131, ¶ 9, 759 N.W.2d 534, 538. "[M]ere assertions, implausible contentions, and frivolous avowals will not avail to defeat a presumption." Id. From our review, Duane relied on more than mere assertions, implausible contentions, and frivolous avowals. Therefore, the circuit court did not abuse its discretion or err when it concluded Duane presented substantial, credible evidence to rebut the presumption under SDCL 25-4-45.5(3). See Stavig , 2009 S.D. 89, ¶ 16, 774 N.W.2d at 460.
4. Custody Award to Duane.
[¶31.] Sandra acknowledges the circuit court applied the factors relevant to a child custody determination. She, however, contends the "court's application of these factors was flawed and resulted in an abuse of discretion." She challenges the circuit court's decision to favor Duane on the stability factor because, in her view, the reasoning was "wholly inadequate and blatantly unfair." We disagree.
[¶32.] The court found that Duane had lived in the marital home before and after the divorce, while Sandra moved the kids over 200 miles away so she could be closer to her boyfriend. Duane has had the same job for six years, while Sandra relocated to Minnesota with her children without planned employment. These facts Sandra does not dispute. Rather, *137 she disagrees with the weight given to the evidence by the circuit court. But we do not re-weigh evidence or reverse when the record supports the court's findings. Indeed, "the court has broad discretion in child custody matters; '[t]hat broad discretion includes discretion as to what evidence the trier of fact will rely on.' " Van Duysen , 2015 S.D. 84, ¶ 12, 871 N.W.2d at 616 (citation omitted).
[¶33.] Next, Sandra takes issue with the circuit court's conclusion that she engaged in more harmful parental conduct than Duane. She claims the circuit court punished her for exercising her statutory right under SDCL 25-4A-17 to relocate with the children without prior notice to Duane. She compares the court's negative treatment of her decision to move against the court's more favorable treatment of Duane's conviction of violating a protection order and his multiple arrests. In her view, the court's conclusion was "against all logic and reason[.]"
[¶34.] The circuit court recognized Sandra had a statutory right to relocate with the children without notice to Duane. The court, however, delved deeper into Sandra's actual reason for moving and determined it was harmful to the children. In particular, the court observed that she exercised her statutory right without regard to the effect of that decision on the children. She examined no alternatives before moving. And she made her decision to move almost a year after Duane's conviction. The record makes clear the court did not isolate its review of harmful parental conduct on Sandra's decision to move. The court considered the entirety of the parties' relationship, including that Sandra attempted to drive a wedge between Duane and the children and Duane's physical aggression toward Sandra. The court also considered the circumstances surrounding Duane's conviction, namely that the children were not involved. From our review, the court's decision that Sandra engaged in more harmful parental conduct was reasoned, logical, and supported by the evidence.
[¶35.] Sandra also challenges the circuit court's determinations related to who was the primary caretaker and whether both parents are equally fit to provide for the children. She offers little in the way of evidence or argument against the circuit court's findings. She contends she was the primary caretaker because she had primary physical custody. But this factor looks to "which parent has been more responsible to the child in the past." Fuerstenberg v. Fuerstenberg , 1999 S.D. 35, ¶ 28, 591 N.W.2d 798, 808. The evidence supports that Duane and Sandra have been responsible to the children in the past, albeit at different times. The evidence similarly supports the circuit court's determination that both Sandra and Duane are fit parents.
[¶36.] After examining the record, the court's incorporated memorandum decision, and the court's findings and conclusions, we believe the circuit court delivered a "balanced and methodical" decision, specifically focused on the best interests of the children. See id. ¶ 35. Indeed, "our brightest beacon remains the best interests of the child." Zepeda v. Zepeda , 2001 S.D. 101, ¶ 13, 632 N.W.2d 48, 53. Because the record supports the court's decision to award primary physical and legal custody to Duane, we conclude the circuit court did not abuse its discretion.
[¶37.] Affirmed.
[¶38.] GILBERTSON, Chief Justice, and KERN, JENSEN, and SALTER, Justices, concur.